Willie Lloyd TURNER, Petitioner,

v.

UNITED STATES of America, Respondent.

Civ. A. No. 76–497–N.

United States District Court, E. D. Virginia, Norfolk Division.

Dec. 20, 1976.

Gerard P. Rowe (Williams, Worrell, Kelly & Greer), Norfolk, Va., for petitioner.

Michael A. Rhine, Asst. U. S. Atty., Norfolk, Va. (William B. Cummings, U. S. Atty.), Alexandria, Va., for respondent.

## MEMORANDUM AND ORDER

WALTER E. HOFFMAN, Senior District Judge.

Petitioner proceeds under 28 U.S.C. § 2255 seeking to vacate a five year sentence imposed by this Court on September 2, 1970, for violation of 18 U.S.C. § 922(a)(6) [National Firearms Act] in Criminal Action No. 74–70–N. He argues ineffective service of counsel in contravention of a criminal defendant's rights as secured by the Sixth Amendment. He alleges appointed trial counsel failed to accept the invitation of this Court, offered to both petitioner and counsel at the time of sentencing, that the Court be advised of the final disposition of a then pending state charge. At the time of sentencing the Court stated its authority to recommend to the Attorney General that the federal sentence be served in the state penal system, if it were given an opportunity to consider such motion within the time frame of Rule 35, Federal Rules of Criminal Procedure.[1]

Three times this Court advised petitioner and appointed counsel of the 120 day limitation of Rule 35. In fact, the Court's third explanation was in direct response to petitioner's question if he could "get all this time pulled in one place."

Since petitioner was a state court prisoner at the time of his federal trial and sentence, the state had custodial priority. During the course of the service of his state sentence of five years, petitioner was convicted of second degree murder of a fellow inmate and received a ten year sentence for this offense. Nevertheless, on a total sentence of 15 years imposed by state authorities, he was delivered to the United States Marshal on November 28, 1975 to commence the service of his federal sentence. This gives credence to petitioner's explanation of his conviction for second degree murder which, according to his statement, involved an attempt to resist the advances of a homosexual. Petitioner likewise has strong

1. See Transcript of September 2, 1970: p. 37, l. 24—p. 38, l. 15; p. 38, l. 24—p. 39, l. 5; p. 43, l. 12—p. 44, l. 5.

endorsements for parole from Virginia correctional authorities. However, when petitioner was received at the Lewisburg Penitentiary, despite the fact that he was eligible for parole at such time as the Board of Parole determined, he became a victim of the salient factor score and, with his convictions of second degree murder, malicious wounding, violation of the Gun Control Act, as well as his prior record, his score does not make him eligible for early release despite the favorable recommendations.

On September 21, 1970, petitioner was sentenced, reportedly as the result of a plea agreement, by the Circuit Court for the County of Southampton, Virginia, to serve a term of five years for malicious wounding. Three to 20 years was the permissible statutory sentence under Virginia Code § 18.1–65, as amended (1960 Repl.Vol. 4). Federally appointed counsel did not represent petitioner in the state matter.

On October 19, 1970, a motion for a new trial in this court, one filed prior to the state trial, came on for hearing. Being of the opinion that additional testimony heard October 19 would have had no effect in any respect upon the decision rendered on September 2, 1970, the Court denied the motion and reaffirmed its prior sentence without resentencing.[2] Following the ruling from the bench, petitioner was advised of his right to appeal the decision of September 2, including his right to counsel and the possibility that trial counsel could be appointed by the United States Court of Appeals for the Fourth Circuit as counsel on appeal. Petitioner responded: "I am satisfied with my counsel."[3] This Court was not advised at the hearing on October 19, 1970 that the state court had disposed of that case; nor was this Court ever advised of the actual

sentence of the state court until the motion to vacate the sentence was filed in 1976.

During the hearing on December 3, 1976, trial counsel testified that he had told petitioner an estimate of one year would be required for disposition of the appeal from the federal sentence. The United States District Court Clerk received on June 1, 1971, a certified copy of judgment, in lieu of mandate, affirming the trial court and dispensing with oral argument. From testimony heard on December 3, 1976, and a review of the Record, no one, including the Clerk of the United States Court of Appeals for the Fourth Circuit, apparently personally notified petitioner of his denial by the Court of Appeals for the Fourth Circuit.[4]

A letter of inquiry was received January 20, 1972, from petitioner requesting information on the status of his appeal. The Clerk of the District Court responded by sending a copy of the opinion. On August 30, 1972, petitioner by letter requested the Court to allow his federal sentence to be served in the state institution. The Court responded that same day with a "no action" order since its jurisdiction over the case had long lapsed by operation of statute. Two years subsequent, during the month of August, correspondence in petitioner's behalf was exchanged between a counselor of the state prison and the Court, the Court explaining the impossibility of sentence modification for the same jurisdictional reasons.

Now "A Petition to Vacate Sentence and/or Correct Said Sentence" has been duly considered. Petitioner has had benefit of appointment of new post-trial counsel, the hearing of testimony from both petitioner and his counsel at trial and on appeal, oral argument and the opportunity to submit memoranda of law. No precedent

2. Transcript of Hearing on Motion for New Trial, pp. 26–27.

3. *Ibid.*, p. 29, l. 21.

4. See Record, Letter of May 28, 1971, to Clerk, United States District Court from Clerk, United States Court of Appeals for the Fourth Circuit, with copies identified only to Asst. U. S. Attorney and counsel on appeal. By agreement of counsel at the hearing on December 3, 1976, the Court inquired of the Clerk of the United States Court of Appeals as to the practice prevailing in 1971 with respect to personally notifying prisoner-petitioners of the final disposition of any case. As anticipated, the practice was then (and is now) to notify prisoner-petitioners *only* when they appear *pro se*, but when counsel are of record the opinion and letter is only sent to counsel.

case on point has been cited by either party. The Court is unaware of any case allowing relief pursuant to 28 U.S.C. § 2255 upon the theory of ineffective assistance of counsel, either of appointed trial counsel, or of appointed counsel on appeal, for failure to make a Rule 35 motion once the federal trial court stated it would entertain such motion if it was informed of the state's disposition of a pending criminal charge. Post-trial counsel has sought to include this matter under trial counsel's duty "to investigate and ascertain defenses available to his client," citing *Braxton v. Peyton*, 365 F.2d 563 (4 Cir. 1966), and *Coles v. Peyton*, 389 F.2d 224 (4 Cir. 1968). He also relies on *United States v. Burkley*, 511 F.2d 47 (4 Cir. 1975), where resentencing was ordered on the grounds that trial counsel was ineffective at that critical stage of the trial in bringing forth and developing facts that might have served to mitigate punishment. We distinguish all of those cases since they apply to trial situations prior to final sentencing.

■ The Court is of the opinion that it imposes too great a burden to brand trial counsel as ineffective merely because no Rule 35 motion is timely filed, even in situations where the court inferentially invites such action. In this case the time for filing a motion to reduce the sentence actually commenced on June 1, 1971, when the judgment, in lieu of mandate, was received by the Clerk of the District Court.[5] If an appeal is contemplated, there may be tactical reasons why an attorney should not file, or urge the defendant to file, a motion under Rule 35.

At no time did the petitioner and his trial counsel ever discuss a motion to reduce the sentence. At best, petitioner told his attorney on October 19, 1970 that he had received a five year sentence in the state court, a statement which his trial counsel does not affirm or deny as, six years later, he has no recollection of it.

To label a trial attorney as ineffective would make him a "calendar watcher" for many months in the future. As a practical matter 95% of all Rule 35 motions are filed *pro se* even when the petitioners have been represented by counsel in the trial court. Indeed, the vast majority are in letter form and are treated as formal motions under Rule 35. Counsel would be required to calendar the 120 day period from the original sentence and, if an appeal is noted, to recalendar the 120 day period from the time the mandate (or judgment in lieu of mandate) was received by the clerk of the district court and, finally, if certiorari is sought, again recalendar the 120 day period from the date when the mandate denying certiorari is received from the Supreme Court.

■ This points to the fact that the primary responsibility for filing a Rule 35 motion stems from the defendant. It is time he is serving—not the attorney. The petitioner in this case heard the words of the Court, all of which were unnecessary as there is no requirement that a district judge advise a defendant of his right to file such a motion. However, at that time this petitioner had not been tried in the state court and the Court wanted to protect the petitioner if the state court had imposed a sentence of 15 or 20 years, bearing in mind that there was some relation to the purchase of the gun and the shooting of the victim with that same gun. As a fact, the state court judge imposed a sentence, reportedly pursuant to a plea agreement,

---

**5.** It is true that between September 2, 1970 (the date sentence was imposed) and October 19, 1970 (when the motion for a new trial was denied), a motion under Rule 35 could have been filed. This, however, would have been fruitless as no judge could consider a Rule 35 motion while a Rule 33 motion was pending. Once the notice of appeal was filed (in this case on October 19, 1970), the trial court lost jurisdiction over any Rule 35 motion while the appeal was pending. *United States v. Burns*, 446 F.2d 896 (9 Cir. 1971); *United States v. Ellenbogen*, 390 F.2d 537 (2 Cir. 1968); *United States v. Mack*, 151 U.S.App.D.C. 162, 466 F.2d 333 (1972), *cert. den.*, 409 U.S. 952, 93 S.Ct. 297, 34 L.Ed.2d 223, the latter case being an opinion written by former Chief Judge Sobeloff of the United States Court of Appeals for the Fourth Circuit while sitting as a visiting judge in the United States Court of Appeals for the District of Columbia.

which was only two years above the minimum and fifteen years short of the maximum. Although not in the record, presumably the previously imposed five year federal sentence was called to the attention of the state court judge as a part of the plea agreement.

Counsel for petitioner fails in his argument to persuade this Court of petitioner's present predicament as being one suitable for "habeas" relief. To apply discussion from the leading Sixth Amendment case of *Johnson v. Zerbst*, 304 U.S. 458, at 468, 58 S.Ct. 1019, at 1024, 82 L.Ed. 1461 (1937) counsel fails to meet his burden of persuasion in convincing the Court that petitioner's position is not atypical or inappropriate for "habeas" relief:

> . . . A court's jurisdiction at the beginning of trial may be lost "in the course of the proceedings" due to failure to complete the court—as the Sixth Amendment requires—by providing counsel for an accused. . . . If this requirement of the Sixth Amendment is not complied with, the court no longer has jurisdiction to proceed. The judgment of conviction pronounced by a court without jurisdiction is void, and one imprisoned thereunder may obtain release by *habeas corpus*.

There is no contest that the judgment and sentence of September 2, 1970, was valid at the time it was rendered. No allegation of ineffectiveness of counsel prior to sentencing is made. Counsel for petitioner relies upon an alleged omission that would have occurred *after* the state conviction and yet he apparently endeavors to relate such failure back to the prior federal sentence in his effort to obtain relief. He argues that trial counsel, under a duty to investigate, should have made inquiry of petitioner, or the state court, and then forthwith communicated the knowledge of his client's status in the state system to this Court. Petitioner testified on December 3, 1976, that he informed trial counsel at the Rule 33 hearing (October 19, 1970) of the state conviction. Trial counsel, under oath, could neither confirm nor deny this statement. As a professional obligation attendant with that

knowledge, petitioner argues counsel should have made a Rule 35 motion.

In effect, petitioner seeks to extend those professional duties required of appointed trial counsel prior to judgment and sentencing up to the point in time when the trial court loses by statute all jurisdiction over the case, until all breath of jurisdiction is exhausted and the clerk marks the file "closed". Once the duty is accepted as established, he then asks us to relate back any omission of that duty and declare the prior judgment void. This we cannot do. The cases he offers concern presentencing situations. None deal with post-sentencing obligations of trial counsel appointed on appeal.

The law of this Circuit holds it is only in such extreme instances where representation has been so inadequate as to make a farce of the trial that defendant was deprived of his constitutional rights. *Snead v. Smyth*, 273 F.2d 838 (4 Cir. 1959). Mere mistakes or possible error in judgment considered with the benefit of hindsight do not constitute a constitutional lack of due process. *Ibid.*, see discussion at 842. While it is most certainly good professional practice for counsel to inform a client who has lost his appeal of the possibility of further review by petition for rehearing or application for certiorari, such failure does not establish a denial of a Sixth Amendment right on appeal, *Lauchli v. United States*, 432 F.2d 1207, at 1209 (7 Cir. 1970). It is the opinion of this Court that such subsequent failure cannot affect the validity of the prior trial judgment. Mere improvident strategy, bad tactics, mistake, carelessness, or inexperience do not necessarily amount to ineffective assistance of counsel unless, taken as a whole, the trial was a mockery of justice. *United States v. Cariola*, 211 F.Supp. 423 (D.C.N.Y.1962), aff'd. 323 F.2d 180 (2 Cir. 1963). Observing that the standards of competence apply equally to trial and appeal counsel, a California federal court stated that "[d]ue process does not require 'errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render *and rendering* reasonably effective assistance.'" [Quoting

**586**

*Brubaker v. Dickson*, 310 F.2d 30, 37 (9 Cir. 1967)]. *Rawlins v. Craven*, 329 F.Supp. 40, at 42 (C.D.Cal.1971).

 Finally, the 120 day time period for reduction or modification of sentence is absolute in its length and resolute in its purpose, as Chief Judge Haynsworth writes in *United States v. Stollings*, 516 F.2d 1287, at 1289 (4 Cir. 1975):

> The time limitation [of 120 days pursuant to Rule 35] appears to have as its dual purpose the protection of the district court from continuing and successive importunities and to assure that the district court's power to reduce a sentence will not be misused as a substitute for the consideration of parole by the Parole Board.

This Court realizes that petitioner would be satisfied if the Court modified, reduced, suspended,[6] or vacated his sentence.

Any such action would not only be without jurisdiction and void of any effect or consequence, beneficial or otherwise—it would clearly be unconstitutional as an attempted interference by the judiciary with the executive branch of our Government. Without constitutional intrusion, this Court may call the attention of the Parole Board to an error apparent on the face of its Sentence Computation Record for petitioner, Register No. 40132–133, Item No. 10: Date Sentenced "09–02–75", instead of the correct date, 09–02–70. Petitioner is urged to directly seek consideration from the proper Government agency solely empowered with supervisory authority over his case: the Parole Board. Petitioner was sentenced under 18 U.S.C. § 4208(a)(2) which reads, in part: " . . . the prisoner may become eligible for parole at such time as the board of parole may determine."

For the reasons stated herein, it is

**6.** Under the Probation Act, 18 U.S.C. §§ 3651–3656, a district court is authorized to "suspend the imposition or execution of sentence and place the defendant on probation," 18 U.S.C. § 3651. However, authority of the court terminates when the convicted defendant actually

ORDERED that the motion under 28 U.S.C. § 2255 be and it is hereby DENIED. This is a final order. Any notice of appeal must be filed with the Clerk of the United States District Court, P. O. Box 1318, Norfolk, Virginia 23501, within sixty (60) days from this date.

The Clerk will forward certified copies of this memorandum and order to the petitioner; Gerard P. Rowe, Esquire; Michael A. Rhine, Assistant United States Attorney; and the United States Board of Parole.

In the event a timely appeal is filed, the records in Criminal Action No. 74–70–N shall accompany the record on appeal in this civil action.

enters upon the service of his prison sentence, *United States v. Murray*, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309 (1928); *Affronti v. United States*, 350 U.S. 79, 76 S.Ct. 171, 100 L.Ed. 62 (1955).