**18**

UNITED STATES of America,
Plaintiff/Respondent,

v.

German Fidel CUETO,
Defendant/Movant.

No. CR–78–194–D.

United States District Court,
W.D. Oklahoma.

Sept. 13, 1982.

John E. Green, First Asst. U.S. Atty., Oklahoma City, Okl., for plaintiff/respondent.

Christopher H. Cox, Oklahoma City, Okl., Earl E. Boyd, Los Angeles, Cal., for defendant/movant.

## OPINION AND ORDER

DAUGHERTY, District Judge.

Defendant/Movant (hereafter movant) was indicted by the grand jury in this district on November 1, 1978, on a charge of Bank Robbery in violation of the provisions of 18 U.S.C. §§ 2113(a) and 2113(d). After trial by jury, movant was convicted of violating the provisions of 18 U.S.C. § 2113(a), the § 2113(d) charge having been dismissed on motion of the government, and he was subsequently sentenced to imprisonment for a term of fifteen years, to run consecutive to a Florida State sentence and to a Florida Federal sentence, service of which had not then commenced.

Movant appealed his conviction to the United States Court of Appeals for the Tenth Circuit, urging error in the court's giving an instruction on aiding and abetting and in refusing to give an instruction submitted by movant relating to the evaluation of eyewitness identification. Movant also objected to an assertedly unwarranted delay in delivery by the prosecution of certain allegedly exculpatory information and of certain other information ordered by this court to be delivered to defense counsel. Movant's contentions on appeal were found to be without merit and the conviction and sentence were affirmed. *United States v. Cueto*, 628 F.2d 1273 (10th Cir.1980).

Movant has now filed, through counsel who has not previously represented him

herein, his Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. In this motion, movant asserts that he was denied the effective assistance of counsel at trial and that he was denied his right of appeal. These two assertions will be discussed in the order in which movant asserts them.

Movant's presence in this district was obtained through the execution of a writ of habeas corpus ad prosequendum on state penal authorities in the State of Florida. Upon his arrival in this district, movant requested the appointment of counsel to represent him. Upon his having made a proper showing of indigency, counsel was assigned by the court to represent him pursuant to the provisions of the Criminal Justice Act, 18 U.S.C. § 3006A. Movant was then arraigned before this court, on January 19, 1979. At his arraignment, movant requested the appointment of a more experienced attorney. This court advised movant at that time that he could retain counsel of his choosing, but that he was not entitled to appointed counsel of his own choosing. The case was set for trial twenty-four days after counsel was appointed.

Thereafter, experienced trial counsel from Los Angeles, California, who became the lead counsel at movant's trial, was retained by or on behalf of movant. Retained counsel had been an FBI agent for three and one half years, an Assistant United States Attorney for six and one half years, and at the time of movant's trial he had been in private practice for six and one half years. The retention of counsel was communicated to this court at a hearing on the pre-trial motions filed by appointed counsel. At that time, the court was advised by the Assistant United States Attorney prosecuting the case that retained counsel had been in contact with him and discussed the case at length. Similarly, appointed counsel stated that he had discussed the case with retained counsel by telephone. Retained counsel arrived in Oklahoma City on the day before the case was set for jury trial. Retained counsel spent that day in conference with appointed counsel and movant. The following day, a jury was chosen and the case was recessed until the next day to provide counsel with more time to confer with movant and appointed counsel. At the hearing on pre-trial motions, and immediately prior to the commencement of the trial, motions for continuance were denied by this court, based in part upon appointed counsel's familiarity with the case, his competent handling of the pre-trial procedures and his continued availability to assist retained counsel in the trial of the case.

As is noted above, movant asserts that he was denied effective assistance of counsel in violation of his Sixth Amendment rights. The rule in this circuit was formerly that no such violation could be found unless it could be said that the trial was a farce, a sham or pretense, a mockery of justice, shocking to the conscience of the court or that the representation was in bad faith or without adequate opportunity for conference or preparation. *See Johnson v. United States,* 485 F.2d 240 (10th Cir.1973). In *Dyer v. Crisp,* 613 F.2d 275 (10th Cir.1980), *cert. denied,* 445 U.S. 945, 100 S.Ct. 1342, 63 L.Ed.2d 779, the previous standard was abandoned in favor of the test of whether counsel exercised "the skill, judgment and diligence of a reasonably competent defense attorney." Cases following *Dyer v. Crisp, supra,* have held that ineffectiveness of counsel may be established when circumstances hamper an attorney's preparation of a defendant's case, without the necessity of showing particular errors in the conduct of the defense. *See United States v. King,* 664 F.2d 1171 (10th Cir.1981); *United States v. Golub,* 638 F.2d 185 (10th Cir. 1980); *United States v. Cronic,* 675 F.2d 1126 (10th Cir.1982).

▪ It is equally clear, however, that the denial of a continuance, which rests within the discretion of the trial judge, *Ungar v. Sarafite,* 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964), does not by itself amount to a denial of effective assistance of counsel. *United States v. Valdez,* 418 F.2d 363 (5th Cir.1969). Counsel's statement to the effect that he was not ready to proceed, standing alone, are insufficient to show

Sixth Amendment violations. The court must look to the totality of the circumstances and the resultant proceedings in the particular case in order to determine whether such a violation occurred. *See United States v. Maxey,* 498 F.2d 474 (2nd Cir. 1974); *United States ex rel. Spencer v. Warden,* 545 F.2d 21 (7th Cir.1976); *United States v. Phillips,* 640 F.2d 87 (7th Cir.1981), cert. denied, 451 U.S. 991, 101 S.Ct. 2331, 68 L.Ed.2d 851.

In *Golub, supra,* the Tenth Circuit applied standards adopted by the Eighth Circuit in *Wolfs v. Britton,* 509 F.2d 304 (8th Cir. 1975), in discussing whether an attorney had sufficient time to prepare his case and render his assistance effective to his client. These standards were: (i) the time afforded for investigation and preparation; (ii) the experience of counsel; (iii) the gravity of the charge; (iv) the complexity of possible defenses; and (v) the accessibility of witnesses to counsel. It should be noted here that, in *Wolfs, supra,* appointed counsel was given one and one-half days to prepare and defend a charge of assault with intent to kill. In *King, supra,* counsel had 27 days to research and prepare a defense to the tax fraud charge that had been developed by the government over a three year period. In *Golub,* counsel had less than two weeks to prepare and defend an eight count indictment charging mail fraud and transportation of money obtained by fraud. In *Cronic,* counsel had 25 days to prepare a defense to a thirteen count indictment charging mail fraud and unlawful use of a fictitious name. The indictment was handed down almost five years after the alleged offenses occurred.

In movant's case, appointed counsel had 24 days prior to trial within which to investigate, confer and otherwise prepare for trial. Appointed counsel was admittedly without wide experience, but conducted the pre-trial procedures before the court in a very competent manner, including the filing of numerous pre-trial motions on behalf of movant. As is noted above, retained counsel possessed considerable experience and, although his time to prepare was shorter, he familiarized himself with the case, had the advantage of the work of appointed counsel, conferred with appointed counsel and with movant, took the lead in conducting the defense of movant throughout his trial and was assisted in the trial by appointed counsel. Bank robbery is a serious charge. As charged in the original indictment, it carried a maximum penalty of a $10,000 fine and a 25 year prison term. Retained counsel, however, successfully argued that the "dangerous weapon or device" language charged under 18 U.S.C. § 2113(d) could not be supported. Therefore, the charge was reduced to a violation of 18 U.S.C. § 2113(a) only, which calls for a maximum fine of $5,000 and imprisonment for not more than 20 years.

There was no indication prior to, at, or following trial, and no indication appears in the motion filed herein by movant, that any complex defensive strategy would have been or could have been employed had more time been granted to counsel. In fact, retained counsel stated to the court at the close of the prosecution's case that movant's sole defense would be on the identification issue. At retained counsel's request, an evidentiary hearing was held outside the hearing of the jury on the issue of the propriety of pre-trial identification procedures.

Similarly, there is no indication or allegation that any witnesses or possible witnesses were inaccessible to counsel. In fact, counsel for the government made two FBI agents available to the defense, although they had not been subpoenaed, and they were called as defense witnesses.

This court has reviewed the file, together with the full transcripts of the arraignment, the hearing on pre-trial motions, the trial date docket call and the trial itself. In addition, it has reviewed the appellate proceedings before the Court of Appeals for the Tenth Circuit. This court finds and concludes that the representation afforded movant, by appointed counsel from the date of arraignment through the completion of the trial, by retained counsel and appointed counsel at trial, and by retained counsel thereafter through the appellate proce-

dures, more than met the applicable standards for effective assistance of counsel in this circuit.

In connection with movant's second count, alleging denial of the right to appeal, movant actually contends that he was denied effective appellate counsel. It is noted that movant's brother sought out retained trial counsel and retained him to represent movant on appeal. Movant states that appellate counsel should have argued on appeal his own ineffectiveness at trial. Movant's basis for his claim of ineffectiveness is the failure of this court to grant counsel more time for preparation. As is noted above, the issues raised on appeal did not include this court's failure to grant a continuance to counsel prior to trial. Had counsel felt that such was a valid position on appeal, it can be assumed that he would have raised it. Retained counsel vigorously and effectively argued each position taken by him, prior to and at trial, as well as on appeal. There is no indication that he would have been hesitant or reluctant to make an argument on this point had he considered it meritorious.

Movant also cites the late delivery of certain data as having been prejudicial to his defense, and asserts that had counsel been given more time, it would have been received in time to give it more study and consideration prior to trial. In fact, the data referred to by movant was the subject of a contention raised by movant in his direct appeal. The Court of Appeals held that this court had not abused its discretion in denying counsel's motion for a dismissal of the indictment or the suppression of the testimony of a government witness, and that "[w]hether the material was in fact exculpatory in nature is very debatable." The Court of Appeals, like this court, failed to perceive any willful withholding of exculpatory material as would justify the extreme sanctions urged by defense counsel.

Also, in connection with movant's assertion that he was denied his right of appeal, such assertion is apparently based at least in part upon retained appellate counsel's alleged failure to pursue movant's case further, either by petition for certiorari in the United States Supreme Court or motion for modification of sentence, presumably pursuant to Rule 35, Federal Rules of Criminal Procedure.

While it is good professional practice to inform a client who has lost his appeal of the possibility of further review by petition for rehearing or for certiorari, the failure to do so does not establish a denial of the client's Sixth Amendment rights. *Turner v. United States,* 423 F.Supp. 581 (E.D.Va. 1976). Further, it has been consistently held that appellate counsel need not appeal every possible question of law, at the risk of being found ineffective if he fails to do so. *See, e.g., Gillihan v. Rodriguez,* 551 F.2d 1182 (10th Cir.1977), *cert. denied,* 434 U.S. 845, 98 S.Ct. 148, 54 L.Ed.2d 111.

Finally, it is noted that, in *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), the Supreme Court held that a § 2255 motion should not be reviewed by employing the "plain error" standard of Rule 52(b), Federal Rules of Criminal Procedure, but that "to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." The Court noted that it had long and consistently held that "a collateral challenge may not do service for an appeal," citing *United States v. Addonizio,* 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). It was then determined that the proper standard for review of a § 2255 motion is the "cause and actual prejudice" standard enunciated in *Davis v. United States,* 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973) and later confirmed and extended in *Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976) and *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The concept was explained as follows:

> "Under this standard, to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default and (2) 'actual prejudice' resulting from the errors of which he complains . . . ."

Although movant's appointed counsel requested a continuance some three days prior to the trial date and retained counsel requested a continuance on the date set for the commencement of the trial, as noted above, this court's denial of the motions for continuances was not raised on appeal. It is axiomatic that § 2255 is not available to test the legality of matters which should have been raised on appeal from the judgment. *Porth v. Templar,* 453 F.2d 330 (10th Cir.1971); *Fennell v. United States,* 313 F.2d 941 (10th Cir.1963).

Movant's assertion that he was denied the effective assistance of counsel at trial has been found to be without merit. Movant has not asserted either "cause" or "actual prejudice" sufficient to justify the court in granting collateral relief.

Based upon the foregoing, the motion of movant, to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, should be denied.

IT IS SO ORDERED.