THE STATE OF KANSAS v. FRANK CLOUGH.

No. 13,725.   (79 Pac. 117.)

SYLLABUS BY THE COURT.

1. CRIMINAL PROCEDURE —*Information—Instructions*. Under an information which charges the crime of robbery in the first degree, and which includes the crime of robbery in the second degree as well as the crimes of grand largency and petit larceny, it is not error for the trial court to omit instructing the jury as to any one, or all, of such lower degrees of crime included in the charge, when the evidence tends to establish the highest degree of crime charged and does not tend to establish guilt of any lower degree of crime included therein.

2. ——— *Omission of Instruction—Arrest of Judgment*. Error cannot be predicated on the omission of the trial court to give fuller instructions when the omission is first called to the attention of the trial court after verdict by a motion for a new trial; and such omission is not a proper ground for a motion in arrest of judgment.

3. ——— *Burglary—Forms of Verdict Submitted*. When, under the evidence and the instructions, the jury can properly return only a verdict of burglary in the first degree, or a general verdict of "not guilty," it is not error for the court to omit, or to refuse, to give any other form of verdict than the two appropriate to these findings.

Appeal from Bourbon district court; WALTER L. SIMONS, judge.   Opinion filed January 7, 1905.   Affirmed.

*C. C. Coleman*, attorney-general, *C. B. Griffith*, county attorney, and *J: M. Humphrey*, for The State.

*J. I. Sheppard*, and *A. L. H. Street*, for appellant.

The opinion of the court was delivered by

CLARK A. SMITH, J. : The appellant, Frank Clough, was arrested, and, after a preliminary examination, was charged by information, tried, convicted and sentenced in the district court of Bourbon county for the

crime of robbery in the first degree.   He now brings the case here for review.

The first error complained of is the refusal of the court to grant him a new trial on a motion therefor, on the ground, first, that one of the jurors, after the rendition of the verdict, made statements in conflict with his sworn statements on his *voir dire*, as to his acquaintance with, and prejudice against, the defendant.   This is more in the nature of an impeachment of the juror than of proof of the fact.   Such unsworn statements after the rendition of the verdict have been held to be hearsay evidence as to the fact of the prejudice ; but, however this may be, the affidavit of the juror made after the alleged statements, if it was true, and the trial court had the right to, and probably did, believe it to be true, showed that during the trial and during the deliberations of the jury he neither communicated nor entertained any prejudice against the defendant.

His second ground for a new trial was that the verdict was not supported by the evidence, in that the evidence did not identify the defendant as the man who committed the crime.   We think the evidence shows almost conclusively that the defendant lured Tortel to a secluded spot which was surrounded by underbrush, and stood by while a confederate committed the robbery.   While the evidence was somewhat circumstantial, it fully justified the jury in finding the defendant an accessory before the fact.

For a third ground defendant claimed that the court misdirected the jury, in that it instructed as to robbery in the first degree and omitted to instruct as to the lower degree and the grades of crime that are included in the charge in the information.   It is true the court did instruct only as to the crime of robbery

in the first degree, and furnished the jury only two forms of verdict—one of guilty of robbery in the first degree, and one of not guilty. Had the evidence even tended to establish the crime of robbery in the second degree, or of larceny without force or violence, this would have been erroneous; but such was not the case. If a verdict of guilty of any crime included in the charge, other than robbery in the first degree, had been returned by the jury, it would not have been sustained by the evidence and should have been set aside on motion.

Even if the court erred in its instructions to the jury or in omitting to instruct in some respects, the record fails to show that the error was properly called to the attention of the court. No exception was taken to any instruction given, and no request appears to have been made for additional instructions. The attention of the court was first called to the alleged error after verdict, upon the presentation of a motion for a new trial. This is not good practice. On the trial of criminal cases attorneys for defendants are in court for the purpose of protecting the interests of their clients in every legitimate way. They should not, however, lie in wait to catch the court in error for the purpose of obtaining reversals, but should claim every right of the client at the proper time, as the trial progresses, and object and except to every adverse ruling supposed to be inimical to the rights of the client at the time it is made. After the verdict, and before judgment, all rulings made during the progress of the trial, still supposed to be prejudicial to the client, should be again called to the attention of the court by a motion for a new trial, and exceptions saved to adverse rulings thereon. Then, if desired, the questions may be presented for review in this court.

Two grounds were set forth in defendant's motion in arrest of judgment.   Only one of these—that the information did not charge a public offense—was a proper ground for a motion in arrest of judgment. As the information did charge the defendant with the crime of robbery in the first degree the motion was properly overruled.

The judgment of the district court is affirmed.

All the Justices concurring.