No. 46,592

STATE OF KANSAS, *Appellee*, v. PATRICK EDWARD LARKIN, *Appellant.*

(498 P. 2d 37)

Opinion filed June 10, 1972.

*John C. Humpage,* of Humpage and Stewart, of Topeka, argued the cause and was on the brief for the appellant.

*James R. Fetters,* county attorney, argued the cause, and *Vern Miller,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: Patrick Edward Larkin was convicted by a jury of the offenses of burglary (K. S. A. 1971 Supp. 21-3715) and theft of property of a value of more than fifty dollars (K. S. A. 1971 Supp. 21-3701). His motion for new trial was overruled, he was sentenced upon the verdicts rendered against him and he now appeals.

The subject of the burglary was a business building in Kensington, Kansas, from which merchandise was stolen about 1:30 a. m. on July 8, 1970. The offenses allegedly were committed by appellant and three other men, two of whom, Ronnie Lynn Solida and Floyd Lesher, Jr., testified on behalf of the prosecution. One of these two witnesses had plead guilty to eleven criminal counts including those in question; the other had plead guilty to nine similar offenses in other counties.

Briefly stated, the evidence for the prosecution revealed the following: During the evening of July 7, 1970, appellant and one accomplice rented a trailer in Norton, Kansas. After driving around to different points for various purposes—including the loading into the trailer of other articles previously stolen—appellant and the three accomplices arrived in three different vehicles at the Midway Implement Company building in Kensington at about 1:30 a. m. One man, equipped with a walkie-talkie, remained outside as a

look-out while appellant and the other two entered the building after forcing the front door. Appellant's equipage likewise included a walkie-talkie. The three loaded the two garden tractors, a space heater, batteries and a lawn mower into the rented trailer and subsequently took them to Kansas City, Missouri, where they were sold and the proceeds divided among the participants. The cargo taken to Kansas City also included the fruits of other burglaries. Appellant and another made the sale. Further prosecution evidence will be related in considering appellant's specifications of error.

Appellant and the fourth alleged participant, Darrell Higby, testified that they left Stuttgart, Kansas, at about 9:00 p. m., July 7, 1970, in a vehicle pulling a trailer and arrived in Leavenworth, Kansas, at about 1:00 a. m. the following morning. Four other alibi witnesses called by appellant testified they saw him in Leavenworth between 1:00 and 2:00 o'clock on the morning of July 8th. Leavenworth is more than 225 miles distant from Kensington.

Appellant first complains he was taken into custody by virtue of an arrest warrant issued upon a defective complaint and therefore the trial court erred in denying his motion for discharge. Assuming *arguendo*, that his arrest may have been illegal, he fails to point out resulting prejudice. We have frequently held that an illegal arrest and detention do not, standing alone, invalidate a subsequent conviction (*State v. Addington*, 205 Kan. 640, 472 P. 2d 225).

Appellant challenges the sufficiency of the evidence to sustain his conviction. His primary thrust is that evidence of unauthorized entry and taking was lacking. He asserts there was no direct evidence produced by the state, as required, that the owner of the property did not consent to the entry and subsequent taking. Appellant's reliance upon certain language used in *State v. Aten*, 203 Kan. 920, 457 P. 2d 89, is misplaced. There we said:

"The want of consent of the owner to the taking of his property may be proved by circumstantial evidence when, without fault on the part of the state, direct testimony cannot be produced." (p. 927.)

One of the co-owners of the Midland Implement Company, as well as an employee, testified that at 7:30 a. m., July 8th, when the store was opened the tractors, batteries, space heater and lawn mower were missing. The articles had not been sold and were in the store when it was last closed. A subsequent search by an investigating officer failed to reveal them. According to the testimony of the two accomplice witnesses the four persons involved went to

the implement company building with the intent to "burglarize" it; they applied a pipe wrench to the door knob on the front door of the building and broke the lock on the door to gain entry. The other evidence need not be repeated. Suffice it to say, all requisite elements of appellant's guilt of the offenses of which he was convicted were amply shown.

Appellant complains that, although requested to do so, the trial court failed to define the phrase "reasonable doubt" as used in its instruction to the jury. We cannot say the trial court erred in this omission. We have on occasion approved particular instructions defining the words "reasonable doubt"; however, it may well be questioned whether any definition is more illuminating than the phrase itself. The words are ordinary ones meant to be used in their popular or conventional sense and are understandable by a person of ordinary intelligence. Long ago, in *State v. Bridges*, 29 Kan. 138, this court stated:

"'[I]t has often been said by courts of the highest standing, that perhaps no definition or explanation can make any clearer what is meant by the phrase "reasonable doubt" than that which is imparted by the words themselves.'" (p. 141.)

And in *State v. Davis*, 48 Kan. 1, 28 Pac. 1092, we find this:

"It is to be presumed that the jury understood what the words 'reasonable doubt' meant. The idea intended to be expressed by these words can scarcely be expressed so truly or so clearly by any other words in the English language." (pp. 10-11.)

See, also, 88 CJS, Trial, § 318; PIK 52.04, Criminal, p. 49.

Appellant further complains of language used in other instructions given the jury respecting the presumption of innocence to be afforded one on trial, alibi testimony and the caution to be accorded to the testimony of an accomplice. We have examined the challenged instructions and find nothing in them approaching reversible error.

Appellant makes some complaint with relation to two exhibits offered by him, the thrust of which is not entirely clear. The background is this: A prosecution witness testified that on the evening of July 7, 1970, he saw appellant in Norton measuring a U-Haul trailer; he fixed the date by the fact he had committed a burglary at Lucas, Kansas, in the early morning hours of the same day. Later in the trial, by way of defense, appellant produced in evidence a certified copy of the information charging the witness with the

Lucas burglary, along with a certified copy of the journal entry of his conviction in the district court of Russell county, Kansas, of that offense. The information charged that the Lucas burglary was committed "on or about July 6, 1970." The journal entry recited the witness had plead guilty to the offense charged in the information. Then by way of rebuttal in behalf of the prosecution the witness was permitted to testify that despite the language of the journal entry he had actually committed the burglary on July 7, 1970, but when he plead guilty he did not tell the judge the offense had occurred on the 7th rather than on the 6th of July. We find nothing of a prejudicial nature in any of the foregoing.

Finally, appellant asserts evidence of another crime was wrongfully received. As abstrated in the record, the context of the challenged testimony, given by one of the accomplice witnesses respecting a tractor stolen at Seneca, Kansas, and taken to Denver, is not at all clear either as to the participants in the purported offense or its connection with those of present concern. There was no attempt to saddle appellant with the commission of the offense, the testimony was inefficacious for that purpose, the subject was immediately dropped when objection was made and we see no harmful impact upon appellant from the particular incident.

We find nothing to warrant disturbing appellant's convictions and the judgments are affirmed.

APPROVED BY THE COURT.