No. 50,666

STATE OF KANSAS, *Appellee,* v. WILLIAM B. ROBERTS, JR., *Appellant.*

(602 P.2d 1355)

Opinion filed December 1, 1979.

*J. Michael Kennalley,* of Hershberger, Patterson, Jones, and Roth, of Wichita, argued the cause and was on the brief for the appellant.

*Roger C. Skinner,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Vern Miller,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal in a criminal action in which the defendant, William B. Roberts, Jr., was convicted of aggravated robbery (K.S.A. 21-3427). The case arose out of the robbery of a Vickers Service Station occurring in Wichita on September 13, 1978. The facts in the case are essentially as follows: At approximately 8:35 p.m. on that day a young black male entered the station where two attendants were employed. After passing one attendant who was outside waiting on a customer, the robber approached the other attendant who was behind the counter. The robber displayed a small handgun in his right hand and demanded money. The attendant gave the robber money and then went into the back room of the station until the robber departed. When the other attendant reentered the station, he discovered the robbery had occurred.

Both of the attendants at the filling station identified the defendant as the robber. The testimony disclosed that the defendant had been in the service station earlier in the day during the afternoon and had spent approximately 15 minutes there. There

was evidence that the defendant told a fellow inmate of the jail that he, the defendant, committed the robbery, and after leaving the filling station, stashed the stolen money and weapon in a dog house, and ran to his vehicle which was parked approximately four blocks away. The defendant, in his defense, offered the testimony of Kevin Edgar, a fellow inmate at the Sedgwick County jail, which questioned the identification by one of the attendants. The identification by the other attendant was not contradicted. The defendant also called as a witness a woman, recently acquainted with defendant, who testified that on the evening of the robbery the defendant had on different clothing than did the robber at the scene of the crime. This witness did not pinpoint the actual time when she saw the defendant. The evidence of guilt and the identification of the defendant as the robber were strong. Following the submission of the case, the jury promptly convicted the defendant. The defendant has appealed to this court raising five points of error.

Points 1, 2, and 3 raise essentially the same issue and, hence, should be considered together. The defendant contends that the trial court erred in excluding the alibi testimony of his girl friend on the basis that defense counsel had failed to file the statutory notice of alibi required by K.S.A. 1977 Supp. 22-3218, which provides in part as follows:

"(1) In the trial of any criminal action where the complaint, indictment or information charges specifically the time and place of the crime alleged to have been committed, and the nature of the crime is such as necessitated the personal presence of the one who committed the crime, and the defendant proposes to offer evidence to the effect that he was at some other place at the time of the crime charged, he shall give notice in writing of that fact to the prosecuting attorney except that no such notice shall be required to allow testimony as to alibi, by the defendant himself, in his own defense. The notice shall state where defendant contends he was at the time of the crime, and shall have endorsed thereon the names of witnesses he proposes to use in support of such contention.

"(2) On due application, and for good cause shown, the court may permit defendant to endorse additional names of witnesses on such notice, using the discretion with respect thereto applicable to allowing the prosecuting attorney to endorse names of additional witnesses on an information. The notice shall be served on the prosecuting attorney at least seven days before the commencement of the trial, and a copy thereof, with proof of such service, filed with the clerk of the court. For good cause shown the court may permit notice at a later date.

. . . . .

"(4) Unless the defendant gives the notice as above provided he shall not be permitted to offer evidence to the effect that he was at some other place at the time

of the crime charged. In the event the time or place of the crime has not been specifically stated in the complaint, indictment or information, and the court directs it be amended, or a bill of particulars filed, as above provided, and the prosecuting attorney advises the court that he cannot safely do so on the facts as he has been informed concerning them; or if in the progress of the trial the evidence discloses a time or place of the crime other than alleged, but within the period of the statute of limitations applicable to the crime and within the territorial jurisdiction of the court, the action shall not abate or be discontinued for either of those reasons, but defendant may, without having given the notice above mentioned, offer evidence tending to show he was at some other place at the time of the crime."

To determine the issue we must consider the events which occurred during the course of the proceedings in the district court. The defendant was arraigned on October 11, 1978, and entered a plea of not guilty. At that time, the case was set for trial on the October 23, 1978, trial docket. On October 23, 1978, the trial was continued to November 6, 1978. On that date, trial of the case was actually commenced. The State's case in-chief consisted only of the testimony of the two filling station attendants. They testified that the robbery occurred and identified defendant as the robber. At that point, the State rested. Defense counsel then waived his opening statement and proceeded to call witnesses. The defense presented the testimony of Kevin Edgar and L. T. Baker. At this point, defense counsel called as a witness the defendant's girl friend. In the absence of the jury, the State objected to her testimony on the basis that her testimony would support the defense of alibi and defense counsel had failed to give the written notice required by K.S.A. 1977 Supp. 22-3218. The proposed witness would have testified that at the time of the robbery she was with the defendant at another place, thus placing the defendant away from the scene of the crime. Defense counsel indicated to the court that he had not given the statutory notice of alibi because he had not been notified until November 1, 1978, by the district attorney's office that the case would be tried on November 6, 1978. The trial court excluded the testimony because of the failure of defense counsel to comply with the notice of alibi statute. In so ruling, the trial court noted that the case had been set for jury trial originally on October 23, 1978, at which time it was specifically set for trial on November 6. He concluded that the defense counsel had had ample opportunity to file the statutory notice of alibi and that good cause had not been shown for failure to file the notice.

On appeal, the defendant maintains that the trial court committed prejudicial error in its exclusion of the alibi testimony for three reasons: (1) The exclusion was an abuse of judicial discretion; (2) the State must claim and demonstrate surprise and prejudice before unnoticed alibi testimony may be excluded; and (3) the ruling deprived defendant of his constitutional right to compulsory process.

When faced with a similar issue, this court has consistently held that the exclusion of alibi testimony, because of noncompliance with the notice requirement, is within the trial court's sound discretion and will not be overturned absent a showing that the court's discretion was abused. *State v. Kirk,* 208 Kan. 645, 646, 493 P.2d 233 (1972); *Bush v. State,* 203 Kan. 494, 499, 454 P.2d 429 (1969); *State v. Sharp,* 202 Kan. 644, 451 P.2d 137 (1969). We have further held the notice of alibi statute does not deprive the accused of his defense of alibi but simply makes notice of the defense a prerequisite. *State v. Rider,* 194 Kan. 398, 401, 399 P.2d 564 (1965). As pointed out in *Williams v. Florida,* 399 U.S. 78, 81, 26 L.Ed.2d 446, 90 S.Ct. 1893 (1970), "Given the ease with which an alibi can be fabricated, the State's interest in protecting itself against an eleventh-hour defense is both obvious and legitimate."

We have concluded that no abuse of discretion in the ruling of the trial court has been shown. Defense counsel was notified at arraignment on October 11, 1978, that the case was ripe for trial and was being set on the October 23, 1978, jury docket. On that date, the case was continued until November 6, 1978, at which time the trial commenced. Admittedly, defense counsel knew on November 1 that the State had issued subpoenas for its witnesses to appear November 6. Perhaps at that time, if written notice of alibi had been filed, the court in its discretion would have permitted the late filing of the notice as provided for in K.S.A. 1977 Supp. 22-3218(2). However, it was not until after the State had rested its case and two defense witnesses had already testified, that defense counsel advised the court he desired to call defendant's girl friend as an alibi witness. At that late date, the State would have been powerless to investigate the alibi testimony or to come forward with evidence to contradict it.

The fact that the trial court did not at that time insist the State offer evidence to show prejudice or surprise cannot be held to be

an abuse of discretion. In this regard, we note that under section (2) of K.S.A. 1977 Supp. 22-3218, the trial court may permit defendant to endorse additional names of witnesses on filed notice of alibi, using the discretion with respect thereto applicable to allowing the prosecuting attorney to endorse names of additional witnesses on an information. It is clear from the record here that at no time, either during or before the trial, did defense counsel attempt to give written notice of alibi to the prosecuting attorney as required by the statute. Although in many cases the issue of surprise and prejudice would be proper matters for the trial court to take into consideration in deciding whether to permit the defendant to introduce unnoticed alibi testimony, we cannot say that evidence of prejudice and surprise were required under the circumstances shown in this case.

We, likewise, reject the defendant's contention that his constitutional right to compulsory process for obtaining witnesses was violated. As pointed out in *State v. Smith*, 88 N.M. 541, 543 P.2d 834 (1975), cases deciding this issue have found no violation of the right of compulsory process. We agree. The alibi rule does not prevent a defendant from compelling the attendance of witnesses; rather the rule provides reasonable conditions for the presentation of alibi evidence. For the reasons stated above, we reject the defendant's contention that the trial court erred in excluding the alibi testimony of defendant's proposed witness.

The defendant's next point on the appeal is that he was denied his constitutional right to the effective assistance of counsel. The basis of the defendant's claim is that he had informed his trial counsel of the existence of alibi witnesses well in advance of the trial and that his counsel had ample time to file the required notice of alibi but failed to do so. There is attached to the defendant's brief filed in this court an affidavit which was not presented to the district court and which does not constitute a part of the record in this case. We note, from an examination of the record, that this point was never raised at any time during the trial nor on the defendant's motion for a new trial. The trial court was not given an opportunity to consider this issue, nor did the defendant introduce evidence in the trial court in support of his contention. In *State v. Jones*, 214 Kan. 568, 521 P.2d 278 (1974), this court held that an issue will not be considered on appeal where it was not presented to or determined by the district court

and where the determination of the issue depends upon facts which do not appear in the record. To the same effect is *State v. Kelly,* 204 Kan. 715, 466 P.2d 350 (1970). Following this well established rule, we decline to determine the issue on this appeal. Defendant's remedy, if any, is under K.S.A. 60-1507.

The defendant's last point on the appeal is that the defendant was deprived of a fair trial by the prosecutor's reference in his closing argument to one of the defense witnesses as a "fellow robber." At the trial, the defendant called as a witness Kevin Edgar, a fellow jail inmate of the defendant. Edgar testified that he was present at the time the defendant was identified as the robber by one of the filling station attendants, Joseph Burns. Edgar's testimony tended to show that at the time of the identification at the Sedgwick County jail, Joseph Burns could not positively identify the defendant and that Burns was uncertain as to the defendant's identity. During the course of his closing argument, the prosecutor referred to this witness as having been convicted of robbery and further advised the jury that common sense would tell them that he would be on the side of his fellow robber. The court sustained the defense's objection to this argument and admonished the jury to disregard it. It appears that the prosecutor inadvertently failed to ask the witness about his prior convictions of crime.

The State concedes that the remarks of the prosecutor were outside the scope of the evidence but denies prejudice to the defendant. We have concluded that these improper remarks of the prosecuting attorney do not justify a reversal of the case. In *State v. Jones,* 218 Kan. 720, 725, 545 P.2d 323 (1976), it was held that improper remarks by a prosecutor in closing argument will not constitute reversible error where the jury has been instructed to disregard the same unless the remarks were so prejudicial as to have been incurable. In this case it was brought out on direct examination of Kevin Edgar that he was an inmate of the Sedgwick County jail. This meant, of course, that he was being held in custody for some criminal violation. The relationship between the defendant and this witness as fellow jail inmates was clearly apparent. The fact that the prosecutor referred to some specific crime in attacking the credibility of the witness would not likely have increased the prejudice of the jurors toward the witness. Under all the circumstances, we hold that the trial court's admo-

nition to the jury to disregard the statement cured the error and hence the case should not be reversed on this point.

The judgment of the district court is affirmed.

FROMME, J., not participating.