(611 P.2d 605)
No. 50,802

STATE OF KANSAS, *Appellee,* v. LEE R. ALLEN, *Appellant.*

Opinion filed May 23, 1980.

*John T. Bird,* of Robert F. Glassman, P.A., of Hays, for appellant.

*William W. Jeter,* county attorney; and *Robert T. Stephan,* attorney general, for appellee.

Before FOTH, C.J., SWINEHART and MEYER, JJ.

MEYER, J.: Lee R. Allen (appellant) was convicted by a jury of the crime of aggravated battery (K.S.A. 21-3414). The incident giving rise to appellant's arrest was the stabbing of one Brad Beach at a highway rest area. A State's witness who had been granted immunity from prosecution stated that he was at the rest area with appellant and another man and that appellant stabbed Beach. Appellant, on the other hand, testified that he did not stab Beach; that he stopped at the rest area to sleep. Appellant stated that the State's witness got out of the vehicle, came back a short time later in an agitated state, and told appellant to leave.

Appellant's first claim of error is that he was denied the effec-

tive assistance of counsel because the recoupment statute has been held to be unconstitutional. He also claims that effective assistance of counsel was denied by the fact that there are maximum fees which can be allowed a court-appointed attorney. Since both of these issues are closely related, we shall refer to them together.

Appellant does not contend that his defense counsel acted improperly or was in any way incompetent. In fact, at oral argument before the court, appellant specifically disclaimed any contention that the defense was improper. At the same time, however, appellant contends that the recoupment statute, K.S.A. 1979 Supp. 22-4513, has a chilling effect on a proper defense, in that it discourages a defendant from fully utilizing counsel's time (because of the reluctance to increase his potential indebtedness), and further that the limitation on the amount that can be spent to pay the attorney is so small as to per se deprive the defendant of a proper defense.

The difficulty with appellant's contentions in this regard is that he has shown no prejudice.

The recoupment statute, K.S.A. 22-4513, was ruled to be unconstitutional by the United States Supreme Court in *James v. Strange*, 407 U.S. 128, 32 L.Ed.2d 600, 92 S.Ct. 2027 (1972). The reason for the holding in *James* was that the statute did not provide defendants with the same protections and exemptions granted under the civil code of procedure. The decision did not reach the question of whether the statutory obligations for repayment impermissibly deterred the exercise of the right to counsel. Since *James*, K.S.A. 22-4513 has been amended by the Kansas legislature, and now provides that indigent defendants shall have the exemptions provided for by the code of civil procedure. L. 1976, ch. 169 § 2, now 1979 Supp. 22-4513.

The recoupment statute was again held unconstitutional in *Simmons v. James*, 467 F. Supp. 1068 (D. Kan. 1979), *aff'd* 603 F.2d 150 (10th Cir. 1979). The court held that as the statute now stands, it violates the right to counsel and the right to equal protection of indigent defendants in the state. It, therefore, entered an injunction against its enforcement.

In *Simmons,* it was noted that the Kansas statute required that a judgment be entered against a defendant with complete disregard of his ability to pay. For this reason the Kansas statute was distinguishable from the Oregon recoupment statute upheld in

*Fuller v. Oregon,* 417 U.S. 40, 40 L.Ed.2d 642, 94 S.Ct. 2116 (1974).

In *Olson v. James,* 603 F.2d 150, 155 (10th Cir. 1979), it was stated:

"We need not speculate as to whether the statute produces a chilling effect. We need only take notice of its awesome and forbidding character to realize that it emphasizes collection first and foremost. Its fulfillment of the defendant's right to counsel is much less than a primary purpose. A further deficiency is its lack of proceedings which would determine the financial condition of the accused and perhaps test the excessiveness of the attorney's fee (and these fees are not modest). All of these factors combine to produce the conclusion that the statute is in violation of the Fourteenth Amendment of the Constitution of the United States."

While it is clear that K.S.A. 1979 Supp. 22-4513 can no longer be used to collect a judgment rendered pursuant to that statute, *Olson* does not stand for the proposition that counsel, once appointed, is ineffective per se. In the case at bar, the appellant had court-appointed counsel, so his right to have counsel appointed was not violated.

Furthermore, as to the question of whether he was denied his right to the *effective assistance of counsel,* it has been held that unless that question is raised at the trial level, we need not address it. See *State v. Roberts,* 226 Kan. 740, 602 P.2d 1355 (1979). The trial court was not given an opportunity to consider this issue, nor did the defendant introduce evidence in the trial court in support of his contention. Appellant's remedy, if any, is under K.S.A. 60-1507.

We next consider whether a defendant is denied the effective assistance of counsel because of the maximum fees which can be allowed a court-appointed attorney. Appellant's assertion is that an attorney will not work as hard to defend a defendant because of the limitation on the maximum earnable fees provided for by the Board of Supervisors of Panels pursuant to Supreme Court Rules No. 401-404 (225 Kan. cxviii) relating to claims under the indigent criminal defendants act.

Again, his claim is that he was denied the effective assistance of counsel, and it may not be determined here since it was not raised at the trial level.

Further, the mere fact that counsel is limited to a certain fee is not sufficient to show ineffective assistance of counsel, especially in view of the moral and ethical obligation of the bar to make representation available to the public. See Canon 2, Code of

Professional Responsibility, 225 Kan. xciii. See also *State v. Keener,* 224 Kan. 100, 102, 577 P.2d 1182 (1978), which held that a defendant does not have a constitutional right to have his defense counsel adequately compensated.

The appellant next complains that he was improperly bound over for trial because, after the preliminary hearing, the magistrate stated he was looking at the evidence "in the light most beneficial to the state."

While this is clearly the incorrect standard for the court to apply, defendant's remedy is not reversal of his conviction.

"The sufficiency of the preliminary examination must be challenged by a motion to dismiss under K.S.A. 22-3208. Failure to raise the question by such a motion constitutes a waiver and precludes review on appeal." *State v. Smith,* 225 Kan. 796, 798, 594 P.2d 218 (1979).

Since the defendant did not move to dismiss as provided for in K.S.A. 22-3208, he has waived the error.

Appellant's last alleged error is that the trial court erred in its response to the jury's request for a legal definition of beyond a reasonable doubt.

It was stated in *State v. Larkin,* 209 Kan. 660, 662, 498 P.2d 37 (1972):

" 'It is to be presumed that the jury understood what the words 'reasonable doubt' meant. The idea intended to be expressed by these words can scarcely be expressed so truly or so clearly by any other words in the English language.' " (Citing from *State v. Davis,* 48 Kan. 1, 10-11, 28 Pac. 1092.)

Appellant, however, now stresses that *Larkin* and other cases which have held that the court's refusal to define "reasonable doubt" is proper are not controlling here because appellant alleges the real problem is that the court did not define *"beyond* a reasonable doubt."

We are not persuaded that the distinction is a valid one, because what has been said of reasonable doubt can as well be said of the word "beyond." Moreover, appellant did not object at the trial level to any of the instructions and, therefore, our standard of review on appeal is whether the instructions given were clearly erroneous. *State v. Humbolt,* 1 Kan. App. 2d 137, 562 P.2d 123 (1977). In this connection, appellant also complains that the giving of three instructions regarding burden of proof, presumption of innocence and reasonable doubt was confusing to the jury and contrary to the recommendation of the PIK commit-

tee. While the PIK committee recommends that only one instruction be given rather than three on burden of proof, presumption of innocence, and reasonable doubt (PIK Crim. 52.02), it cannot be said that the instructions as given were clearly erroneous.

We conclude that none of appellant's contended errors are sufficient for reversal herein.

Affirmed.