UNITED STATES of America,
Plaintiff-Appellee,

v.

Cushman D. KING, Defendant-Appellant.

No. 80–1246.

United States Court of Appeals,
Tenth Circuit.

Nov. 30, 1981.

E. Gregory Martin, Boulder, Colo. (Barre M. Sakol, Boulder, Colo., with him on the brief) of Martin, Brauchli & Jevons, Boulder, Colo., for defendant-appellant.

Nancy E. Rice, Asst. U. S. Atty., Denver, Colo. (Joseph F. Dolan, U. S. Atty., Denver, Colo., with her on the brief), for plaintiff-appellee.

Before SETH, Chief Judge, SEYMOUR, Circuit Judge, and O'CONNOR,* District Judge.

* Honorable Earl O'Connor, United States District Judge for the District of Kansas, sitting by designation.

SEYMOUR, Circuit Judge.

At issue in this case is the scope of a criminal defendant's constitutional right to adequate time for defense preparation. Our resolution of this issue necessitates reversal of the conviction.

## I.

### Background

The circumstances relevant to this action are not disputed. Appellant Cushman King was indicted for income tax evasion on November 20, 1979, following a three-year investigation into his financial affairs conducted by the Government. At his arraignment on December 11, 1979, King's trial was set for January 7, 1980. Defense counsel immediately sought a postponement of that trial date but the court below denied his request. The same lawyer later withdrew from the case when it became apparent he would be called to testify in the proceedings. King's new attorney entered the action on December 26, 1980, and renewed the previously made motion for continuance. The district court reaffirmed its refusal to extend the trial date. Consequently, King's case was heard as originally scheduled, only twelve days after new counsel was procured. The trial lasted eight days and involved approximately 200 witnesses and 5,000 exhibits. King was ultimately convicted of the offense charged.

On appeal, King argues he was denied the opportunity to develop a defense because the district court refused to postpone his trial date. King asserts that sufficient time for defense preparation is a right conferred upon all criminal defendants by both Speedy Trial Act[1] requirements vis-a-vis time lapse between indictment and trial, and Sixth Amendment "effective assistance of counsel" guarantees.

The Speedy Trial Act is not dispositive of this appeal for technical reasons;[2] accordingly, we must focus upon King's constitu-

tional argument. We conclude that adequate time for defense preparation is one of the rights afforded an accused under the Sixth Amendment and that King was unfairly deprived of this right as a result of the district court's denial of his motions for continuance.

## II.

### The Sixth Amendment and Adequate Time for Defense Preparation

The Sixth Amendment has not been viewed as a static concept by the judiciary. Adopted in 1791, the Amendment's skeletal guarantees have been fleshed out by the courts in response to society's evolving notions of proper criminal procedure. An important facet of this development has been an expansion of the parameters of the accused's "right ... to have the Assistance of Counsel for his defence." U.S.Const. amend. VI.

 It is now settled that the Sixth Amendment entitles a criminal defendant to more than mere legal representation; an accused has the right to the effective assistance of competent counsel. *Powell v. Alabama*, 287 U.S. 45, 58, 53 S.Ct. 55, 60, 77 L.Ed. 158 (1932). If a defendant's lawyer does not exercise the skill, judgment, and diligence of a reasonably competent attorney, then that right has been violated. *United States v. Golub*, 638 F.2d 185, 187 (10th Cir. 1980); *Dyer v. Crisp*, 613 F.2d 275, 278 (10th Cir.), *cert. denied*, 445 U.S. 945, 100 S.Ct. 1342, 63 L.Ed.2d 779 (1980). Significantly, this Sixth Amendment guarantee is so fundamental that its deprivation will mandate reversal of a conviction even absent a showing that the resulting prejudice affected the outcome of the case. *Glasser v. United States*, 315 U.S. 60, 76, 62 S.Ct. 457, 467, 86 L.Ed. 680 (1941); *Golub*, 638 F.2d at 190; *United States v. Porterfield*, 624 F.2d 122, 124–25 (10th Cir. 1980).

---

1. 18 U.S.C. § 3161 *et seq.*

2. Although the Speedy Trial Act limits to thirty days the speed with which the Government can prosecute an accused, 18 U.S.C. § 3161(c)(2),

its meaningful application to this case is questionable inasmuch as the section's accompanying penalty provision was not effective at the time King was tried.

The asserted interference with one's right to counsel will warrant reversal so long as it "had or threaten[ed] some adverse effect upon the effectiveness of counsel's representation . . . ." *United States v. Morrison*, 449 U.S. 361, 365, 101 S.Ct. 665, 668, 66 L.Ed.2d 564 (1981).

Inadequate case preparation can jeopardize an accused's right to effective assistance of counsel. *See Powell v. Alabama*, 287 U.S. at 71, 53 S.Ct. at 65. Although frequently the result of a slothful lawyer, inadequate preparation can also be caused by unreasonable time constraints imposed by a trial court. *Golub*, 638 F.2d at 189; *United States v. Olivas*, 558 F.2d 1366, 1367 (10th Cir. 1977), *cert. denied*, 434 U.S. 866, 98 S.Ct. 203, 54 L.Ed.2d 142 (1978).

■ Whether court-induced lack of preparation deprives a defendant of Sixth Amendment rights turns on the circumstances underlying his particular case. *Rastrom v. Robbins*, 440 F.2d 1251 (1st Cir.), *cert. denied*, 404 U.S. 863, 92 S.Ct. 53, 30 L.Ed.2d 107 (1971). The factors that must be analyzed to determine whether the given preparation time was sufficient to permit the attorney to effectively assist his client include: "(1) the time afforded for investigation and preparation; (2) the experience of counsel; (3) the gravity of the charge; (4) the complexity of possible defenses; and (5) the accessibility of witnesses to counsel." *Golub*, 638 F.2d at 189.

### III.

### *Adequate Preparation Time*

■ Viewing the trial court's denial of King's motion for continuance in light of the considerations outlined above, the conclusion that it was impossible for his defense counsel to provide effective representation is inescapable. First, King was given only twenty-seven days to research and prepare a defense to a tax fraud charge which the government developed over a three-year period. "The prompt disposition of criminal cases is to be commended and encouraged. But in reaching that result a defendant, charged with a serious crime, must not be stripped of his right to have sufficient time to advise with counsel and prepare his defense." *Powell v. Alabama*, 287 U.S. at 59, 53 S.Ct. at 60.[3] Second, the offense charged in this case was a sophisticated one that required an extensive pretrial investigation by the Government and a lengthy trial involving a plethora of witnesses and exhibits. Third, the offense was clearly serious; King faced a prison sentence of up to five years if convicted. Finally, King's already myriad time problems were exacerbated when he was forced to procure substitute counsel only a dozen days before trial.

Although rulings on motions for continuance are traditionally best left to the trial court's discretion, a judge is not imbued with the power to abrogate a criminal defendant's constitutional rights. *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964). "Myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality." *Id.*

Under the circumstances of this case, the trial court's refusal to postpone King's trial date adversely affected defense counsel's ability to render constitutionally sufficient assistance to his client. King's conviction must be reversed.

---

3. We note that in the Speedy Trial Act, Congress recently limited the speed with which courts can conduct criminal litigation:

 "Unless the defendant consents in writing to the contrary, the *trial shall not commence less than thirty days from the date on which the defendant first appears through counsel* . . . ."

18 U.S.C. § 316(c)(2) (emphasis added). The legislative history of this provision shows that Congress intended to recognize and protect a defendant's right to a reasonable minimum preparation time. *See* A. Partridge, *Legislative History of Title I of the Speedy Trial Act of 1974* at 71–73 (Fed. Judicial Center 1980).