**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Marie LA MONTE, Defendant-Appellant.**

**No. 81–1887.**

United States Court of Appeals, Tenth Circuit.

July 27, 1982.
Rehearing Denied Sept. 14, 1982.

Frederic B. Rodgers, Denver, Colo., for defendant-appellant.

Stanley K. Kotovsky, Jr., Asst. U. S. Atty., Albuquerque, N. M. (Don J. Svet, First Asst. U. S. Atty., Dist. of N. M., Albuquerque, N. M., with him on brief), for plaintiff-appellee.

Before DOYLE, McKAY and LOGAN, Circuit Judges.

McKAY, Circuit Judge.

This is an appeal of a conviction for failure to appear for sentencing in violation of 18 U.S.C. § 3150. Appellant Marie La Monte claims she was deprived of her Sixth Amendment right to effective assistance of counsel when the trial judge denied her counsel's motion for a continuance on the day of trial. Ms. La Monte was indicted on bail jumping charges in September 1976. She was subsequently arrested on June 15, 1981, and arraigned on June 18, 1981. At her arraignment Ms. La Monte appeared with her retained counsel, Mr. Rawley, and trial was set for Monday, July 20, 1981. On Friday, July 17, 1981, Ms. La Monte informed Mr. Rawley that she was dissatisfied with his representation and was attempting to retain different counsel. When Ms. La Monte appeared in court on July 20, the judge questioned her about her requested change of counsel. She told the court that she became dissatisfied with Mr. Rawley on Thursday, July 16, 1981, and explained that she had attempted to retain another attorney, Mr. D'Angelo, during the weekend of July 18–19, 1981. An associate of Mr. D'Angelo was present during these proceedings. The trial judge remarked at that time that the probable purpose of the substitution was to delay the trial. Record, vol. 2, at 5. Rather than delay trial, the judge secured Mr. D'Angelo's presence, but suggested that Mr. Rawley remain in attendance. Ms. La Monte, however, insisted that she did not want Mr. Rawley to remain, so the court excused him. Mr. D'Angelo was then impressed into service by the trial court, although he objected on the grounds that he was unprepared and had not received a retainer for his services.

The trial judge denied Mr. D'Angelo's motion for a continuance and proceeded to trial. The court's denial of this motion is the subject of this appeal.

This case involves the competing interests of the trial judge's discretionary power to deny continuances and to control the court's calendar and the defendant's Sixth Amendment right to counsel. This court recently noted that "[a]lthough rulings on motions for continuance are traditionally best left to the trial court's discretion, a judge is not imbued with the power to abrogate a criminal defendant's constitutional rights." *United States v. King*, 664 F.2d 1171, 1173 (10th Cir. 1981). Therefore, in considering whether the trial judge abused his discretion in denying defense counsel's motion for a continuance, we must decide whether under the circumstances the trial judge's actions impermissibly infringed upon Ms. La Monte's Sixth Amendment right to counsel.

■ Implicitly the Sixth Amendment requires that a criminal defendant be afforded a fair opportunity to be heard at trial through counsel of his or her choice. *See Linton v. Perini*, 656 F.2d 207, 209 (6th Cir. 1981), *cert. denied*, —— U.S. ——, 102 S.Ct. 1036, 71 L.Ed.2d 318 (1982); *Abraham v. United States*, 549 F.2d 236, 239 (2d Cir. 1977). In this case, through last minute maneuvers, Ms. La Monte ultimately was represented by counsel of her choice.[1] Her only claim on appeal is that her chosen counsel did not have adequate time to prepare her case for trial. Adequate time for defense preparation is another one of the rights afforded an accused under the Sixth Amendment guarantee of the right to counsel. *Powell v. Alabama*, 287 U.S. 45, 59, 53 S.Ct. 55, 60, 77 L.Ed. 158 (1932); *United States v. King*, 664 F.2d at 1173.

1. On appeal Ms. La Monte argues that no attorney-client relationship was ever formed between Mr. D'Angelo and herself, and thus this case is distinguishable from those in which a valid attorney-client relationship existed. We note, however, that Ms. La Monte requested Mr. D'Angelo's presence and agreed to excuse Mr. Rawley. From these actions one can infer that she was satisfied with the prospect of Mr.

D'Angelo's representation. Appellant further argues that under the Code of Professional Responsibility Mr. D'Angelo had no obligation to accept employment on her behalf. In view of the trial court's actions, Mr. D'Angelo did have an obligation to represent Ms. La Monte in this case. The issue before this court is whether that representation violated Ms. La Monte's Sixth Amendment rights.

This court has recognized that unreasonable time constraints imposed by a trial court can result in inadequate preparation, *United States v. King*, 664 F.2d at 1173; *United States v. Golub*, 638 F.2d 185, 188–89 (10th Cir. 1980), and has held that "[w]hether court-induced lack of preparation deprives a defendant of Sixth Amendment rights turns on the circumstances underlying his particular case." *United States v. King*, 664 F.2d at 1173. The factors which bear upon this determination include: "(1) the time afforded for investigation and preparation; (2) the experience of counsel; (3) the gravity of the charge; (4) the complexity of possible defenses; and (5) the accessibility of witnesses to counsel." *Id.* (quoting *United States v. Golub*, 638 F.2d at 189).

Considering this case in light of these factors, we conclude that Ms. La Monte was not denied her right to effective assistance of counsel. Without doubt, under most circumstances, impressing counsel into service on the day of trial presumptively affords too little time for investigation of and preparation for any serious charge.[2] However, in this case, the issues are neither demanding nor complex. The facts surrounding the occurrence of the violation are uncomplicated and the possible defenses are few and straight-forward. Appellant has not pointed out on appeal any possible defenses that could have been successfully raised on her behalf. Nothing in the record suggests that Ms. La Monte was physically or mentally incapable of communicating any legitimate inability to attend her sentencing hearing either to the court or to her attorney. Furthermore, it does not appear from the record that defense counsel was unable to adequately examine essential witnesses at trial. Finally, the record reflects that Mr. D'Angelo, an experienced attorney whose practice is primarily limited to criminal law, performed adequately in Ms. La Monte's defense.

Therefore, although we do not condone the trial court's actions in this case, we conclude, on balance, that the denial of defense counsel's motion for a continuance did not deprive Ms. La Monte of her Sixth Amendment rights under these circumstances and was not an abuse of the trial court's discretion to control its calendar as it may see fit.

AFFIRMED.

---

2. Of course, had there been a specific finding by the trial court on a sufficiently developed record that the change in counsel was the result of bad faith, this factor would not weigh in defendant's favor. *See United States v. Fowler*, 605 F.2d 181, 183 (5th Cir. 1979), *cert. denied*, 445 U.S. 950, 100 S.Ct. 1599, 63 L.Ed.2d 785 (1980).