No. 55,067

STATE OF KANSAS, *Petitioner,* v. ROBERT D. NELSON, *Respondent.*

(663 P.2d 303)

Opinion filed May 25, 1983.

*Roger N. Walter,* disciplinary counsel, argued for petitioner.

Respondent appeared pro se.

*Per Curiam:* This is an original proceeding in discipline, filed pursuant to Supreme Court Rule 212 (230 Kan. civ), against Robert D. Nelson, an attorney admitted to practice in the State of Kansas. A panel of the Kansas Board for Discipline of Attorneys, after a full evidentiary hearing, recommended that respondent be indefinitely suspended from the practice of law. The court concurs in that recommendation. Respondent filed exceptions to the report of the disciplinary panel but failed to file a brief and he is deemed to have conceded that the findings of fact made by the panel are supported by the evidence. Supreme Court Rule 212(e)(4).

The matter resulting in the complaint against respondent grew out of a series of real estate transactions which began in 1977. In March of that year Luis Alejos and Walter Bates retained respondent to represent them in the purchase of real estate in Topeka. Alejos and Bates were buying the property under a contract of sale from Mosby-Mack, Inc., a Topeka firm. In May of 1981, the purchasers had fallen behind in the payment of the April and May 1981, installments due under the contract. On May 15, 1981, Mosby-Mack filed suit to cancel the contract. In the meantime, Alejos and Bates had entered into a contract to sell the property to a third party at a substantial profit. They retained respondent to protect their interests in the suit filed by Mosby-Mack so they could proceed with the sale of the property which was scheduled for September 1, 1981.

Respondent entered an appearance in the pending litigation and filed an answer on behalf of Alejos and Bates to the first amended petition filed by Mosby-Mack. On June 10, 1981, the plaintiff filed a second amended petition and respondent did not file an answer to that petition. In May of 1981, the respondent had advised his clients that he thought the Mosby-Mack litigation could be settled if the delinquent payments, an insurance

premium, court costs and a $300.00 attorney fee for Mosby-Mack's lawyers was paid. On May 21, 1981, Mr. Alejos wrote respondent a check for $2,149.60 to cover those items. He also paid respondent $200.00 to apply on his attorney fee. When the June and July payments came due, those payments were made to the respondent. Respondent did not seek to settle the Mosby-Mack litigation and in August, 1981, Alejos consulted another attorney.

During August, 1981, several demands were made upon respondent for a return of the trust funds he was supposedly holding. Finally, on August 31, 1981, respondent wrote two checks to Mr. Alejos, one for $2,149.60 and one for $1,570.90. The checks were presented to respondent's bank the same day and payment was refused due to a lack of funds in the trust account. On September 3, 1981, respondent paid Alejos $2,149.60 by certified check. He did not replace the $1,570.90 check and it was only after Alejos sued respondent and recovered a judgment that the amount was finally paid. Bank records introduced before the panel of the Board for Discipline of Attorneys reveal that there never was a sufficient amount in respondent's bank account to cover the amounts due Alejos. On occasions respondent's trust account was actually overdrawn.

The disciplinary panel found that respondent had neglected a legal matter entrusted to him, that he had failed to pursue his client's legal objective, that he had commingled his client's money with his own, wrongfully retained money held in trust and had converted trust funds to his own use. A careful review of the record reveals clear and convincing evidence supporting all of the conclusions of the disciplinary panel, and it is the opinion of the court that its recommendation of indefinite suspension should be accepted.

It Is Therefore Ordered and Adjudged that Robert D. Nelson be and he is hereby indefinitely suspended from the practice of law in the State of Kansas. The costs herein are assessed to the respondent.

It Is Further Ordered and Adjudged that the respondent shall forthwith comply with Supreme Court Rule 218 (230 Kan. cvii).