No. 55,365

STATE OF KANSAS, *Appellee,* v. JAMES L. CHAMBERLAIN, *Appellant.*

(672 P.2d 604)

Opinion filed December 2, 1983.

*Camille Nohe,* of Topeka, argued the cause and was on the brief for appellant.

*Gene M. Olander,* district attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for appellee.

*Per Curiam:* James L. Chamberlain was convicted on April 1, 1980, by a jury in Shawnee County District Court of felony murder, K.S.A. 21-3401, and aggravated robbery, K.S.A. 21-3427. He was sentenced to life imprisonment for the murder and fifteen years to life for the robbery, the sentences to be served consecutively.

No post-trial motions were filed. Trial counsel filed a notice of appeal and secured an order directing the preparation of a transcript at public expense, since defendant was indigent. The appeal was not docketed here within ten days, as was required by Rule 2.04, 228 Kan. xxxix. Defendant's attorney took no further action, and for reasons unrelated to this case was subsequently suspended indefinitely from the practice of law in this state. *State v. Nelson,* 233 Kan. 473, 663 P.2d 303 (1983).

In February 1983 present counsel filed a motion to docket the appeal out of time, and we granted leave to do so. Briefs were then filed and the matter was argued and submitted. Only one issue was raised: whether trial counsel was so ineffective that defendant was deprived of his constitutional right to the effective assistance of counsel.

The standards upon which a claim of ineffective assistance of counsel must be considered and determined were stated earlier this year by Justice McFarland in our unanimous opinion in *State v. Kendig,* 233 Kan. 890, 895-96, 666 P.2d 684 (1983):

"Recently in *State v. Miesbauer,* 232 Kan. 291, 654 P.2d 934 (1982), this court reiterated the applicable rules previously stated in *State v. Crossman,* 229 Kan. 384, 624 P.2d 461 (1981), as follows:

" ' "The rules relative to determination of effective assistance of counsel were stated in *Schoonover v. State,* 2 Kan. App. 2d 481, Syl. ¶¶ 2-4, 582 P.2d 292, *rev.*

*denied* 225 Kan. 845 (1978), and iterated in *State v. Voiles,* 226 Kan. 469, 470-471, 601 P.2d 1121 (1979), as follows:

" ' " "The right to effective assistance of counsel presupposes that counsel will be competent and capable of conducting a genuine defense on behalf of the accused. While the law does not guarantee the assistance of the most brilliant and experienced counsel, it does require honest, loyal, genuine and faithful representation on the part of counsel, be he retained or appointed.

" ' " 'Conduct of defense counsel which is so dishonest, incompetent or inadequate as to amount in practical effect to no counsel at all clearly violates a defendant's Sixth Amendment right to counsel. However, conduct which amounts to a substantial deviation from that expected of a reasonably competent lawyer in the community, such that no lawyer of average ability would engage in it, and which causes the client's conviction or otherwise works to the client's substantial disadvantage, is also a deprivation of the constitutional guarantee of "effective" counsel.

" ' " 'In applying the foregoing standard to counsel's performance, the effective assistance of counsel cannot be equated with the successful assistance of counsel. The adequacy of an attorney's services on behalf of an accused must be gauged by the totality of his representation, not by fragmentary segments analyzed in isolated cells.' 229 Kan. at 389." ' 232 Kan. at 299.

"Defendant, on appeal, points to several alleged instances of ineffective assistance of counsel. Some of these arise from the wisdom of hindsight. As stated in *Cook v. State,* ____ Ind. App. ____, 403 N.E.2d 860 (1980):

" 'It is one of the characteristics of human experience that hindsight often reveals alternative courses of conduct that may have produced different results if only they had been employed. Hindsight, however, is not the vantage point from which we judge allegations of incompetence. *Thomas v. State,* (1969) 251 Ind. 546, 242 N.E.2d 919. It may be that had defendant's counsel on appeal conducted the defense at trial, he would have done things differently. Whether or not he would have fared better before the jury is a matter of conjecture. Where experienced attorneys might disagree on the best tactics, deliberate decisions made for strategic reasons may not establish ineffective counsel. *Crocker v. State,* (1978) Ind. App., 378 N.E.2d 645.' 403 N.E.2d at 868."

The Sixth Amendment right to the effective assistance of counsel was also discussed recently by the United States Court of Appeals, Tenth Circuit, in *United States v. King,* 664 F.2d 1171 (10th Cir. 1981):

"It is now settled that the Sixth Amendment entitles a criminal defendant to more than mere legal representation; an accused has the right to the effective assistance of competent counsel. *Powell v. Alabama,* 287 U.S. 45, 58, 53 S.Ct. 55, 60, 77 L.Ed. 158 (1932). If a defendant's lawyer does not exercise the skill, judgment, and diligence of a reasonably competent attorney, then that right has been violated. *United States v. Golub,* 638 F.2d 185, 187 (10th Cir. 1980); *Dyer v. Crisp,* 613 F.2d 275, 278 (10th Cir.), *cert denied,* 445 U.S. 945, 100 S.Ct. 1342, 63 L.Ed.2d 779 (1980). Significantly, this Sixth Amendment guarantee is so fundamental that its deprivation will mandate reversal of a conviction even absent a showing that the resulting prejudice affected the outcome of the case. *Glasser v. United States,* 315 U.S. 60, 76, 62 S.Ct. 457, 467, 86 L.Ed. 680 (1941); *Golub,* 638

F.2d at 190; *United States v. Porterfield,* 624 F.2d 122, 124-25 (10th Cir. 1980)." 664 F.2d at 1172.

Defendant's capable appellate counsel points out many errors and omissions by trial counsel, including his failure (1) to challenge the legality of defendant's warrantless arrest in his own home, absent exigent circumstances, (2) to move to suppress incriminating evidence seized "incident" to that arrest, (3) to request a *Jackson v. Denno* hearing prior to trial, (4) to move to suppress defendant's confession, and (5) to object to the introduction into evidence of various prejudicial exhibits. Present counsel also points to trial counsel's repeated elicitation of evidence which was prejudicial and incriminating, and to counsel's persistence in this practice even in the face of warnings from the prosecutor. Much evidence to support the suggested motions and objections is found within the trial record, and law to support appellant's position is both familiar and plentiful. *Payton v. New York,* 445 U.S. 573, 63 L.Ed.2d 639, 100 S.Ct. 1371 (1980); *Chimel v. California,* 395 U.S. 752, 23 L.Ed.2d 685, 89 S.Ct. 2034 (1969); *Jackson v. Denno,* 378 U.S. 368, 12 L.Ed.2d 908, 84 S.Ct. 1774 (1964); *State v. Platten,* 225 Kan. 764, 594 P.2d 201 (1979); and ABA Standards Relating to the Prosecution Function and the Defense Function § 3.6, Approved Draft, 1971.

The chief purpose for defense counsel was succinctly stated by this court long ago in the case of *State v. Clough,* 70 Kan. 510, 512, 79 Pac. 117 (1905):

"On the trial of criminal cases attorneys for defendants are in court for the purpose of protecting the interests of their clients in every legitimate way. They should not, however, lie in wait to catch the court in error for the purpose of obtaining reversals, but should claim every right of the client at the proper time, as the trial progresses, and object and except to every adverse ruling supposed to be inimical to the rights of the client at the time it is made. After the verdict, and before judgment, all rulings made during the progress of the trial, still supposed to be prejudicial to the client, should be again called to the attention of the court by a motion for a new trial, and exceptions saved to adverse rulings thereon. Then, if desired, the questions may be presented for review in this court."

Appellant now argues that trial counsel failed to properly protect his client's interest. As we noted in *Clough,* however, supposed prejudicial error should be called to the attention of the trial court in order that it might have an opportunity to rule thereon.

In the case of *State v. Porter, Green & Smith,* 228 Kan. 345,

354, 615 P.2d 146 (1980), on direct appeal from a verdict finding three defendants each guilty of two counts of aggravated robbery, two of the defendants contended that they received ineffective assistance of counsel from their court-appointed attorney. We said:

"This issue was never raised at any time during the trial nor on the defendants' motion for a new trial. The trial court was therefore not given an opportunity to consider this issue. Since the point was not presented to or determined by the district court, it is not properly before this court and will not be considered for the first time on appeal. *State v. Roberts,* 226 Kan. 740, 602 P.2d 1355 (1979)."

In *Roberts,* as in *Porter, Green & Smith,* the defendant contended on direct appeal that he had been denied effective assistance of counsel. The claim was made on the basis of an affidavit attached to appellant's brief filed in this court. That affidavit had not been presented to the trial court, nor had the trial court otherwise been given an opportunity to consider the issue. Following the well-established rule that an issue will not be considered on appeal where it was not presented to or determined by the trial court and where the determination of the issue depends upon facts which do not appear in the record, we declined to reach the issue but held that the defendant's remedy, if any, lay under K.S.A. 60-1507. *Roberts,* 226 Kan. at 744-45.

As noted above, the trial record lends much support to appellant's view of the issue which he now seeks to have us determine. However, the prosecution has not had an opportunity to offer evidence in opposition to this view, and the trial court has not had an opportunity to consider and rule upon the issue. The trial judge heard the entire trial and did have the opportunity to observe and evaluate defense counsel's performance throughout, but the claim of ineffective assistance of counsel has never been presented to him. We will not consider this issue until the trial court has had an opportunity to consider and rule upon it.

This appeal is dismissed without prejudice to the defendant's right to raise this issue before the trial court in proceedings under K.S.A. 60-1507.