FILED
United States Court of Appeals
Tenth Circuit

February 27, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENG CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

GARY D. DEWILLIAMS,

      Defendant-Appellant.

No. 08-1410
(D.C. Nos. 05-cv-00893-REB
and 99-cr-00120-REB)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

    Gary D. DeWilliams was found guilty of possession of a firearm and

ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On

appeal, this court vacated his conviction and remanded for a new trial because his

attorney had stipulated to an element of the crime without Mr. DeWilliams's

consent. *United States v. DeWilliams*, 2001 WL 1580900 (10th Cir. 2001).

Following remand, Mr. DeWilliams was again found guilty, and was sentenced to

a term of imprisonment of 293 months. This court affirmed his conviction and

sentence on appeal. *United States v. DeWilliams*, 2004 WL 33632 (10th Cir.

---

    [*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2004).  Mr. DeWilliams then filed the instant collateral challenge to his confinement pursuant to 28 U.S.C. § 2255.  In an extensively reasoned opinion, the district court denied relief and Mr. DeWilliams's request for a certificate of appealability ("COA").

Mr. DeWilliams now seeks a COA from us to enable him to appeal the district court's denial of his § 2255 motion.  In order to secure a COA, a petitioner must make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).  In assessing this question, we review Mr. DeWilliams's *pro se* filings with special solicitude.  *See Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

Even when viewed through this lens, however, to the extent that Mr. DeWilliams seeks to challenge the district court's disposition of his § 2255 motion, we conclude based on our review of the record, and for substantially the same reasons given by the district court in its thoughtful opinion, that no reasonable jurist could debate the correctness of that court's rulings.  To the extent Mr. DeWilliams seeks to raise new issues on appeal that were not presented to the district court, we decline to consider them.  *See Dockins v. Hines*, 374 F.3d 935, 940 (10th Cir. 2004) (court of appeals may decline to consider novel argument in application for COA not presented first to the district court).

Mr. DeWilliams's request for COA is therefore denied and this appeal is dismissed. We further deny his application to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge