UNITED STATES of America,
Plaintiff–Respondent,

v.

1. Gary DEWILLIAMS, also known
as Gary D. DeWilliams,[1]
Defendant–Movant.

Criminal Action No. 99–cr–00120–REB
(Civil Action No. 14–cv–01588–REB)

United States District Court,
D. Colorado.

Signed June 25, 2014

---

1. The court has added Mr. DeWilliams' alias, "Gary D. DeWilliams," to the caption of this case. *See* [# 474] at 8.

Gary DeWilliams, Littleton, CO, pro se.

**ORDER DENYING 28 U.S.C. § 2255 MOTION AND DIRECTING MOVANT TO SHOW CAUSE**

Blackburn, United States District Judge

This matter is before the court on **Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255** [# 476] [2] filed June 5, 2014. The movant, Gary DeWilliams, also known as Gary D. DeWilliams, is a prisoner in the custody of

---

2. "[# 476]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

the Federal Bureau of Prisons incarcerated at the United States Penitentiary in Leavenworth, Kansas.

The court has construed the motion to vacate liberally because Mr. DeWilliams is a *pro se* litigant. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991). However, the court may not act as an advocate for a *pro se* litigant. *See Hall,* 935 F.2d at 1110. Additionally, the court may take judicial notice of its own records and files that are part of the court's public records. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.,* 605 F.2d 1169, 1172 (10th Cir. 1979).

For the reasons stated below, the motion is denied. In addition, Mr. DeWilliams is ordered to show cause why he should not be prohibited from filing new actions challenging his criminal conviction in Criminal Action No. 99–cr–000120–REB–1 without either the representation of a licensed attorney admitted to practice in the United States District Court for the District of Colorado or the permission of the court to proceed *pro se.*

In the above-captioned case, Mr. DeWilliams was found guilty of possession of a firearm and ammunition by a convicted felon. The United States ·Court of Appeals for the Tenth Circuit (Tenth Circuit) affirmed. *See United States v. DeWilliams,* 85 Fed.Appx. 154 (10th Cir.2004). Mr. DeWilliams also is serving a twenty-five year sentence for an unrelated, 1988 conviction for bank robbery and making a false statement. The instant § 2255 motion seeks to vacate the 2002 conviction.

Mr. DeWilliams sought relief previously under § 2255 in this criminal action. *See United States v. DeWilliams,* No. 05–cv–00893–REB (D.Colo. Aug. 12, 2008) [# 396]. In his initial § 2255 motion [# 354], Mr. DeWilliams raised twenty

claims and additional claims in supplements. *See* [# 385 & # 387]. On August 12, 2008, the court granted Mr. DeWilliams' two motions to amend or supplement filed on May 22, 2006 [# 385], and August 10, 2006 [# 387], to the extent they sought leave to amend the § 2255 motion; denied the § 2255 motion; and denied Mr. DeWilliams' request for a certificate of appealability. *See* [# 396]. Mr. DeWilliams appealed, and on February 27, 2009, the Tenth Circuit denied his request for a certificate of appealability and dismissed the appeal. *See* [# 415]. On June 29, 2009, the United States Supreme Court denied Mr. DeWilliams' petition for writ of certiorari. *See* [# 418]. On September 7, 2012, the Tenth Circuit denied him authorization to file a second or successive § 2255 motion challenging the 2002 conviction. *See* [# 426].

On October 24, 2012, Mr. DeWilliams filed a motion titled **Motion for Relief Pursuant to Federal Rules of Civil Procedure, Rule 60(b)(6)** [# 429]. On August 9, 2013, the court entered an order [# 447] construing the Rule 60(b) motion as either (1) a request that this court vacate the Tenth Circuit's February 27, 2009, order [# 415] denying his request for a certificate of appealability, or (2) a successive § 2255 motion, and denying the motion for lack of jurisdiction. On October 18, 2013, the Tenth Circuit dismissed Mr. DeWilliams' appeal from the August 9, 2013, order. *See* [# 464].

On February 18, 2014, Mr. DeWilliams filed a motion titled **Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255(f)(2), (4)** [# 467]. *See United States v. DeWilliams,* No. 14–cv–00430–REB (D.Colo. Feb. 18, 2014) [# 468]. In No. 14–cv–00430–REB, Mr. DeWilliams asserted two claims, which he failed to state or indicate clearly whether either was raised previously on direct ap-

peal or in a prior action. *See* [# 467] at 5. In claim one, he challenged the disposition of his prior § 2255 motion because a motion to amend or supplement he contended he hand-delivered to prison officials on May 21, 2005, was never mailed to the court. In his second claim, he contended that not until August 20, 2013, did he discover that the motion to amend or supplement his § 2255 motion was never mailed to the court. He contended that prison officials, by failing to mail the motion to amend or supplement, impeded the disposition of his prior § 2255 motion. He asked the court to reopen the prior § 2255 action to allow him to assert a claim that he was impeded in filing the motion to amend or supplement. He failed to submit the motion of May 21, 2005, or allege its contents. On February 24, 2014, the court denied the § 2255 motion as an unauthorized and unwarranted second or successive motion. *See* [# 468].

On May 14, 2014, Mr. DeWilliams filed a motion titled **Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255(f)(2), (4)** [# 472] seeking review of the order [# 447] denying his Rule 60(b) motion and the order [# 468] denying his most recent prior § 2255 motion. On June 5, 2014, the court denied the § 2255 motion because it too was a second or successive motion. *See* [# 474]. In the June 5, 2014, order, the court also warned Mr. DeWilliams of possible sanctions for abusing the judicial process by repeatedly filing unauthorized successive § 2255 motions. *See* [# 474] at 7.

On June 5, 2014, the same day the court denied the § 2255 motion filed on May 14, 2014, Mr. DeWilliams filed the motion at bar titled **Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255** [# 476]. He asserts two claims: (1) that the "District Court Erred When It Determined Second Degree Burglary 18-4–203 Was a Violent Felony Categorically" (claim one) and "I Am Actually Innocent of Possession of a[n] INTRATEC–9.MM, Model AB–10, SemiAutomatic Weapon on February 25, 1999" (claim two). Mr. DeWilliams admits that he has not obtained the necessary Tenth Circuit authorization to file a second or successive § 2255 motion. *See* [# 476] at 5.

■ Under 28 U.S.C. § 2255(h) and 28 U.S.C. § 2244(b)(3), Mr. DeWilliams must obtain from the Tenth Circuit an order authorizing the district court to consider a second or successive § 2255 motion, despite his characterization of the instant § 2255 action as a request to reopen the prior § 2255 action. In the absence of such authorization, the court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2255 motion. *In re Cline,* 531 F.3d 1249, 1251 (10th Cir.2008). A federal prisoner seeking authorization to file a second or successive § 2255 motion must demonstrate that his claims are based on either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense," 28 U.S.C. § 2255(h)(1), or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2255(h)(2).

■ Mr. DeWilliams confesses that he has not obtained the necessary authorization from the Tenth Circuit to file a second or successive § 2255 motion. *See* [# 472] at 5. Mr. DeWilliams does not assert that his claims are based on a new rule of constitutional law that applies retroactively to cases on collateral review. Instead, Mr. DeWilliams maintains that his claims arise from newly discovered evidence, i.e., two

Aurora Police Department, non-serialized, property reports which list personal property recovered from a motel room and destroyed on April 7, 1999. *See* [# 476] at 10, 14–17. He contends the lists do not show that a black belt was recovered from the motel room as is shown on an Aurora Police Department certified government record, which he fails to attach, or that a firearm was recovered from Mr. DeWilliams himself. He contends also that photos, which Mr. DeWilliams fails to share with the court, show that he was convicted of possessing a firearm that belonged in another case, not his. Mr. DeWilliams has raised this claim previously. *See* [# 447] at 4–5. "Photograph or not, it is notable that at the 2002 trial, a police officer who arrested Mr. DeWilliams identified Mr. DeWilliams and identified the firearm found on Mr. DeWilliams' person when he was arrested." *Order* [# 452] at 3–4.

 The court has reviewed carefully the putative § 2255 motion and finds that the purported "new evidence" relied on by Mr. DeWilliams does not establish his innocence of the charged offense. Therefore, the court either must dismiss the § 2255 motion for lack of jurisdiction or transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631, if it is in the interest of justice. *In re Cline*, 531 F.3d at 1252. The factors to be considered in deciding whether a transfer is in the interest of justice include

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.

It appears that the claims Mr. DeWilliams attempts to assert in the instant motion would be barred by the one-year limitation period. *See* 28 U.S.C. § 2255(f). Finally, it was clear when the § 2255 motion was filed that this court lacked jurisdiction. Therefore, the court finds that a transfer of this action to the Tenth Circuit is not in the interest of justice. Instead, the § 2255 motion must be denied for lack of jurisdiction.

 Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), this court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir.2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). In the present case, the court concludes that Mr. DeWilliams has not made a substantial showing of the denial of a constitutional right. Therefore, the court will deny a certificate of appealability.

The court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). If Mr. DeWilliams files a notice of appeal he also must pay in full the appellate filing fee of $505.00 or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within

thirty days in accordance with Fed. R. App. P. 24.

Mr. DeWilliams may not abuse the judicial process by filing unauthorized second or successive § 2255 motions. The Tenth Circuit has already denied him authorization to file a second or successive § 2255 motion. Yet he continues to do so. Mr. DeWilliams either fails or refuses to recognize that he has had his day in court.

■ "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (citations omitted) (per curiam). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton,* 483 F.3d 1070, 1077 (10th Cir.2007) (citing *Sieverding v. Colo. Bar Ass'n,* 469 F.3d 1340, 1343 (10th Cir.2006); *Tripati v. Beaman,* 878 F.2d at 352).

■ Specifically, injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented.

*Andrews,* 483 F.3d at 1077.

■ If a *pro se* party signs a pleading in violation of Fed. R. Civ. P. 11(b) a court "may ... impose an appropriate sanction" on that party. *See* Fed. R. Civ. P. 11(c). Rule 11 serves several purposes, including, but not limited to (1) deterring future litigation abuse; (2) punishing present litigation abuse; and (3) streamlining court dockets and facilitating case management. *White v. General Motors Corp.,*

*Inc.,* 908 F.2d 675, 683 (10th Cir.1990) (citing American Bar Association, *Standards and Guidelines for Practice Under Rule 11 of the Federal Rules of Civil Procedure* (1988), *reprinted in,* 5 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* 212, 235–36 (Supp.1989)). Deterrence is the primary goal of a sanction. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). In order to comply with Rule 11 and avoid concomitant sanctions, a *pro se* party's actions must be objectively reasonable. *White v. Gen. Motors Corp.,* 908 F.2d 675, 683 (10th Cir.1990). A pattern of groundless and vexatious litigation will support an order enjoining a litigant from filing any claims without first seeking prior leave of court. *See Ketchum v. Cruz,* 961 F.2d 916, 921 (10th Cir.1992); *Winslow v. Romer,* 759 F.Supp. 670, 677–78 (D.Colo. 1991); *Colorado ex rel. Colo. Judicial Dep't v. Fleming,* 726 F.Supp. 1216, 1221 (D.Colo.1989).

■ The court may in its discretion place reasonable restrictions on any litigant who files non-meritorious actions and who generally abuses judicial process. *Phillips v. Carey,* 638 F.2d 207, 209 (10th Cir.1981). These restrictions may be directed to provide limitations or conditions on the filing of future suits. *Id.* Injunctions restricting further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *Tripati,* 878 F.2d at 353–54. Mr. DeWilliams has the right to notice and to oppose in writing the imposition of future restrictions. *See Tripati,* 878 F.2d at 354.

■ Based on the history and evolution of the underlying criminal action, the

court finds that Mr. DeWilliams has a documented history of filing second and successive § 2255 motions in his criminal action. This history demonstrates that the imposition of filing restrictions is warranted. Therefore, the court will order Mr. DeWilliams to show cause why he should not be prohibited from filing any new civil action in the United States District Court for the District of Colorado challenging his criminal conviction in No. 99–cr–00120–REB–1 without the representation of a licensed attorney admitted to practice in the United States District Court for the District of Colorado, unless he obtains permission from the court to proceed *pro se.* In order to obtain permission to proceed *pro se,* Mr. DeWilliams will be directed to take the following steps:

1. File with the clerk of this court a motion requesting leave to file a *pro se* action challenging his conviction in No. 99–cr–00120–REB–1.

2. Include in the motion requesting leave to file a *pro se* action challenging his conviction in No. 99–cr–00120–REB–1 the following information:

 A. A copy of the Tenth Circuit authorization to file a second or successive § 2255 motion as required by 28 U.S.C. §§ 2244(3)(A) and 2255(h).

 B. A statement of the legal issues to be raised in the proposed new pleading and whether he has raised the same issues in other proceedings in the District of Colorado. If so, he must cite the case number and docket number where the legal issues previously have been raised.

3. Submit the proposed new pleading to be filed in the *pro se* action challenging his criminal conviction in No. 99–cr–00120–REB–1.

Any motion requesting leave to file a *pro se* action challenging the criminal conviction in No. 99–cr–00120–REB–1 and the proposed new pleading shall be submitted to the clerk of the court, who shall file and forward them for review to the sentencing judge, or another judge assigned to the case. If the motion requesting leave to file a *pro se* action is denied, the matter will be dismissed. If the motion requesting leave to file a *pro se* action is granted, the case will proceed in accordance with the Federal Rules of Civil Procedure and the Local Rules of Practice of the United States District Court for the District of Colorado—Civil.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255** [# 476] filed June 5, 2014, is **DENIED;**

2. That under 28 U.S.C. § 2253(c)(2) and Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is **DENIED;**

3. That leave to proceed *in forma pauperis* on appeal is **DENIED** without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit;

4. That by **July 23, 2014,** the movant, Gary DeWilliams, **SHALL SHOW CAUSE** in writing why he should not be prohibited from filing new actions challenging his criminal conviction in No. 99–cr–000120–REB–1 without the representation of a licensed attorney admitted to practice in the United States District Court for the District of Colorado, unless he obtains the permission of the court to

proceed *pro se* by completing the steps specified in pages 9 and 10 above.