**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 11, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

GARY DeWILLIAMS,
a/k/a Gary D. DeWilliams,

        Defendant - Appellant.

No. 14-1323
(D.C. Nos. 1:99-CR-00120-REB-1 &
1:14-CV-01588-REB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MATHESON**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.

---

Gary deWilliams, proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He also filed a notice of appeal from the court's imposition of filing restrictions. We deny a COA and affirm the filing restrictions.

---

[*] This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

BACKGROUND

In June 2002, Mr. deWilliams was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and sentenced to 293 months in prison. We affirmed his conviction. *United States v. DeWilliams*, 85 F. App'x 154, 159 (10th Cir.), *cert. denied*, 541 U.S. 1055 (2004). In May 2005, he filed his first § 2255 motion, asserting twenty claims. In 2008, the district court denied § 2255 relief, after granting motions to supplement or amend the initial § 2255 motion with additional claims. Like the district court, we denied a COA. *United States v. DeWilliams*, 315 F. App'x 81, 82 (10th Cir. 2009), *cert. dismissed*, 557 U.S. 931 (2009).

In 2012, Mr. deWilliams sought our authorization to file a second or successive § 2255 motion asserting, among many other things, actual innocence. We denied authorization. *In re DeWilliams*, No. 12-1321, at 4 (10th Cir. Sept. 7, 2012) (unpublished order).

Later in 2012, Mr. deWilliams moved in district court under Fed. R. Civ. P. 60(b) to set aside our order denying a COA in his § 2255 appeal. He contended that a photograph of the firearm showed his conviction was invalid. In an August 2013 order, the court first recognized that it had no jurisdiction to set aside this court's denial of a COA. Reading the motion leniently as also requesting relief from the denial of § 2255 relief, the court found that Mr. deWilliams had been aware of the photograph for more than ten years, he had repeatedly argued that the photograph

- 2 -

showed there was not sufficient evidence to support his conviction, and the Rule 60(b) motion really was a successive § 2255 motion. Because he had not obtained authorization from this court to file a second or successive § 2255 motion, the district court denied the motion for lack of jurisdiction. Mr. deWilliams moved to reconsider, asserting that his Rule 60(b) motion was not a second or successive § 2255 motion. The court denied the motion. Mr. deWilliams appealed, but, later, voluntarily dismissed his appeal.

In February 2014, Mr. deWilliams filed in district court a motion under § 2255(f)(2) and (4) seeking to reopen his § 2255 motion because he allegedly had recently discovered that in 2005 prison officials had failed to mail a motion to amend or supplement his § 2255 motion regarding the photograph. The district court denied the motion as an unauthorized second or successive § 2255 motion.

In May 2014, Mr. deWilliams filed another § 2255(f)(2) and (4) motion seeking review of the order denying his Rule 60(b) motion and his most recent § 2255 motion. The district court again denied the motion, determining that it was an unauthorized second or successive § 2255 motion. Also, the court warned Mr. deWilliams that he could be subject to possible sanctions for abusing the judicial process if he continued to file unauthorized second or successive § 2255 motions.

That same day, Mr. deWilliams filed yet another § 2255 motion, arguing that the district court erred in deciding that under the categorical approach, second-degree burglary is a violent felony and that he is actually innocent of possessing the firearm.

The court dismissed the motion for lack of jurisdiction for several reasons: he had not obtained authorization before filing the motion, he had raised his claim of innocence previously, his alleged new evidence did not establish his innocence, and his claims are time-barred. Also, the court denied a COA and leave to proceed on appeal in forma pauperis. Noting Mr. deWilliams' pattern of filing unauthorized second or successive § 2255 motions, the court directed him to show cause why filing restrictions should not be imposed. After he responded, the court imposed detailed filing restrictions prohibiting him from filing new actions with respect to this felon-in-possession-of-a-firearm conviction unless he is represented by an attorney or has obtained court permission to proceed pro se. This appeal followed.

Mr. deWilliams argues that we should grant a COA because (1) the district court erred in failing to determine the timeliness of his first motion to amend his initial § 2255 motion to assert an actual innocence claim; (2) the court abused its discretion in denying his request for an evidentiary hearing; (3) his motion to amend was timely under § 2255(f)(2) and (4); (4) the court erred in concluding that his motions were second or successive; and (5) the court erred in failing to consider his actual innocence claim set out in the motion to amend.

## COA

A COA is a jurisdictional prerequisite to our review of the district court's decision. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). We will issue a COA "only if [Mr. deWilliams] has made a substantial showing of the denial of a

- 4 -

constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court denied his application on procedural grounds, we will grant a COA only if he "shows, at least, that jurists of reason would find it debatable whether the [application] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. deWilliams has failed to make this showing. He may not file a second or successive § 2255 motion in the district court unless he first obtains this court's authorization to do so. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Because he did not obtain our authorization, the district court correctly found that it lacked jurisdiction to consider the merits of the § 2255 motion and appropriately dismissed it for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008) (per curiam) (explaining that district court has discretion to transfer unauthorized application if it is in interests of justice to do so or may dismiss for lack of jurisdiction).

FILING RESTRICTIONS

We review the district court's imposition of filing restrictions for an abuse of discretion. *See Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989) (per curiam). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010). Filing restrictions "are appropriate where the litigant's lengthy and abusive history is set forth; the court

- 5 -

provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007).

Mr. deWilliams makes no specific argument challenging the filing restrictions. Nonetheless, we have carefully reviewed his filing history concerning this firearm conviction, as well as the district court's filing restrictions order, and we conclude that the district court did not abuse its discretion. The district court complied with all requirements for imposing filing restrictions, recounting Mr. deWilliams' history of repetitive filings with respect to this conviction, providing him with detailed guidelines for obtaining the court's permission for future filings, and giving him an opportunity to oppose the restrictions.

## CONCLUSION

We deny Mr. deWilliams' application for a COA. We affirm the district court's judgment and imposition of filing restrictions. Mr. deWilliams' motion to enter affidavits is denied as moot.[1] His request for leave to proceed on appeal in forma pauperis is granted. We remind him of his continuing obligation to make partial payments until the filing fee has been paid in full.

Entered for the Court
Per Curiam

---

[1] In an order filed March 2, 2015, we denied Mr. deWilliams' request that copies of the affidavits be returned to him.

- 6 -