FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

June 26, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

GARY D. DEWILLIAMS,

      Defendant - Appellant.

No. 17-1300
(D.C. Nos. 1:16-CV-01175-REB and
1:99-CR-00120-REB-1)
(Colo.)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**

Before **PHILLIPS**, **MCKAY,** and **O'BRIEN**, Circuit Judges.

In June 2002, Gary D. DeWilliams was convicted by a jury of being a felon in

possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). The

district judge concluded his criminal history included at least three prior convictions for a

"violent felony" under the Armed Career Criminal Act (ACCA), *see* 18 U.S.C

§ 924(e)(2)(B), thereby exposing him to a mandatory minimum sentence of 15 years. *Id*.

§ 924(e)(1). The guideline range was 235-293 months imprisonment. The judge

sentenced him to 293 months. We affirmed on direct appeal. *See United States v.*

*DeWilliams*, 85 F. App'x 154 (10th Cir.) (unpublished), *cert. denied*, 541 U.S. 1055

(2004). The judge denied his first 28 U.S.C. § 2255 motion and we denied a certificate of

appealability (COA).  *See United States v. DeWilliams*, 315 F. App'x 81 (10th Cir. 2009) (unpublished).

On June 26, 2015, the United States Supreme Court held the residual clause of the ACCA to be unconstitutionally vague.  *Johnson v. United States* (*Johnson II*), --- U.S. ---, 135 S. Ct. 2551, 2557, 2563 (2015).  *Id*. at 2557, 2563.  It left untouched the remainder of the ACCA's definition of "violent felony" including the elements clause.  *Id*. at 2563. On April 18, 2016, it made *Johnson II*'s holding retroactive to cases on collateral review. *Welch v. United States*, --- U.S. ---, 136 S. Ct. 1257, 1265 (2016).  Relying on *Johnson II*, DeWilliams filed a motion with this Court for leave to file a second or successive § 2255 motion.  We granted authorization.

His current counseled § 2255 motion[1] claims that because the residual clause is invalid, his prior convictions can qualify as violent felonies under the ACCA only if they satisfy either the elements clause or the enumerated-offense clause; according to him, they meet neither.  Relevant here, he argues his prior conviction for aggravated federal bank robbery under 18 U.S.C. § 2113(a) and (d) does not satisfy the elements clause because it can be committed without the use of <u>physical</u> force, for example, with tear gas or hydrochloric acid.  *See United States v. Perez-Vargas*, 414 F.3d 1282, 1285-86 (10th Cir. 2005) (concluding Colorado third-degree assault is not a "crime of violence" under USSG § 2L1.2's elements clause because it can be committed by "intentionally exposing someone to hazardous chemicals," which does not involve the use or threatened use of

---

[1] DeWilliams was represented by counsel in the district court and remains so in this putative appeal.

physical force). Similarly, his prior convictions (two) for Colorado aggravated robbery (Colo. Rev. Stat. § 18-4-301) fail to satisfy the elements clause because the Colorado courts have interpreted the statute to require force "sufficient to render the victim unable to retain control over" the item being stolen, including "deftly pulling a purse off a victim's shoulder causing the strap to break in the process." (R. Vol. 4 at 121 (quotation marks omitted).) According to DeWilliams, this is insufficient to satisfy the elements clause, which the Supreme Court has held to require "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States (Johnson I)*, 559 U.S. 133, 140 (2010). The judge rejected both arguments[2] and denied a certificate of appealability (COA). DeWilliams renews his request for a COA with this Court.

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional

---

[2] Because his prior convictions qualified as violent felonies under the ACCA's elements clause rather than the defunct residual clause, the judge decided DeWilliams had not asserted a bona fide *Johnson II* claim and his § 2255 motion was untimely because he was not entitled to the benefit of 28 U.S.C. § 2255(f)(3) (a § 2255 motion is timely if it is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"). DeWilliams says the judge was wrong. He is correct. In *United States v. Snyder,* issued after the judge's decision, we held "in order to be timely under § 2255(f)(3), a § 2255 motion need only 'invoke' the newly recognized right, regardless of whether or not the facts of record ultimately support the movant's claim." 871 F.3d 1122, 1126 (10th Cir. 2017). DeWilliams' § 2255 motion "did just that, alleging . . . his ACCA sentence is no longer valid under *Johnso*n [II]." *Id*. (quotation marks omitted). Nevertheless, while his motion may have been timely filed, whether he is entitled to relief is another matter. He is not so entitled.

right." 28 U.S.C. § 2253(c)(2). To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted). He has failed to satisfy his burden and he candidly says so.

He concedes his argument concerning his prior conviction for aggravated federal bank robbery is foreclosed by our decision in *United States v. Ontiveros*, 875 F.3d 533, 536-37 (10th Cir. 2017), which concluded *Perez-Vargas* was "no longer viable in light of" the Supreme Court's decision in *United States v. Castleman*, --- U.S. ---, 134 S. Ct. 1405 (2014). In *Castleman*, the Court explained "'physical force' is simply 'force exerted by and through concrete bodies,' as opposed to 'intellectual force or emotional force'" and concluded it can be either direct—a punch or kick—or indirect—poisoning.[3] 134 S. Ct. at 1414-15 (quoting *Johnson I*, 559 U.S. at 138).

He also admits his argument that Colorado aggravated robbery does not satisfy the ACCA's elements clause is precluded by our decision in *United States v. Harris*, 844 F.3d 1260, 1270 (10th Cir. 2017) ("[R]obbery in Colorado is a violent felony under the

---

[3] This appeal was initially abated pending a decision in *United States v. Cravens*, Appeal No. 16-8111. In the meantime, *Ontiveros* was decided on November 7, 2017, which foreclosed DeWilliams' argument concerning his aggravated federal bank robbery conviction. A decision in *Cravens* followed on December 19, 2017. *See United States v. Cravens*, 719 F. App'x 810 (10th Cir. 2017) (unpublished). The Supreme Court denied certiorari review in *Ontiveros* on May 14, 2018, and recently denied certiorari review in *Cravens* on June 11, 2018. DeWilliams has not sought to preserve an argument concerning his federal bank robbery conviction.

ACCA's elements clause in § 924(e)(2)(B)(i)."), *cert. denied*, 138 S. Ct. 1438 (2018); *see also United States v. Torres–Duenas*, 461 F.3d 1178, 1183 (10th Cir. 2006) (explaining that "absent en banc review or intervening Supreme Court precedent, we cannot overturn another panel's decision"). He does, however, argue *Harris* was wrongly decided in order to preserve the issue for en banc or Supreme Court review. It is so preserved.

One final matter remains. DeWilliams asks that we abate this case pending the Supreme Court's decision in *United States v. Stokeling*, 684 F. App'x 870 (11th Cir. 2017) (unpublished), *cert. granted*, 138 S. Ct. 1438 (2018).[4] In *Stokeling*, the Court granted review (on the same day it denied review in *Harris*) to decide whether Florida's robbery statute, Fla. Stat. Ann. § 812.13, satisfies the ACCA's elements clause. More specifically, it will decide whether a state law's robbery statute which requires the defendant to overcome the victim's resistance is categorically a "violent felony" under the ACCA's elements clause if that state's law requires only slight force to overcome that resistance. In *Harris*, on the other hand, we interpreted Colorado case law regarding its robbery statute to require *Johnson I* level force, i.e., "a *violent* taking" rather than "mere touching." 844 F.3d at 1265-70. Because *Stokeling* is "highly unlikely to have any impact on this case," we decline to abate this case until that case is decided, which may not occur until June 2019. *See United States v. Victorio*, 719 F. App'x 857, 858 n.1 (10th Cir. 2018) (unpublished).

Because the result reached by the district judge is correct under our precedent, and

---

[4] We initially denied this request subject to reconsideration by the merits panel.

DeWilliams so concedes, we **DENY** a COA and **DISMISS** this matter. His request to proceed on appeal without prepayment of fees (*in forma pauperis* or *ifp*) is **MOOT** because we have reached the merits of his COA application.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge